Robert L. PHINNEY, Appellant,

v.

BANK OF the SOUTHWEST NATIONAL ASSOCIATION, HOUSTON, in its capacity as independent executor of the Estate of Dunbar Newell Chambers, deceased, Appellee.

No. 21035.

United States Court of Appeals
Fifth Circuit.

Aug. 5, 1964.

Rehearing Denied Sept. 4, 1964.

---

Harry Lee Hudspeth, Asst. U. S. Atty., San Antonio, Tex., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Loring W. Post, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., for appellant. Ernest Morgan, U. S. Atty., of counsel.

Charles N. Avery, Jr., Austin, Tex., Leon Jaworski, C. W. Wellen, Charles W. Hall, Phillip L. Mann, Houston, Tex., for appellee. Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., McKay & Avery, Austin, Tex., of counsel.

Before HUTCHESON, PRETTYMAN [*] and JONES, Circuit Judges.

JONES, Circuit Judge.

Dunbar Newell Chambers died on October 27, 1956. The Bank of the Southwest National Association, Houston, was appointed and qualified as executor of his estate. The Internal Revenue Code [1] required the filing of the Federal estate tax return on or before January 27, 1958. The appellant District Director, acting under statutory authority,[2] granted a six months' extension of the time for filing. The six months' period expired July 27, 1958, and since this was a Sunday the final date on which the return might have been timely filed was July 28, 1958. On Friday, July 25, 1958, the estate tax return, with a remittance for the tax as computed on the return, was deposited in the mail in Houston, Texas, addressed to the appellant, District Director of Internal Revenue, at Austin, Texas. The envelope, containing the return and remittance, was received at the Austin post office early on the morning of Saturday, July 26, 1958. The mail addressed to the District Director received on this Saturday, including the return and remittance of the Chambers' estate, was packed in bags and kept in a part of the post office separate from other mail. It was available to the District Director if he had desired to have it. The office of the District Director was closed on

---

[*] Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

1. 26 U.S.C.A. § 6075.

2. .26 U.S.C.A. §§ 6081, 6161.

Saturday, July 26, 1958, as well as on Sunday, July 27, 1958. The week-end mail accumulation was delivered to the District Director's office on the morning of Monday, July 28, 1958, and the return was marked, "Rec'd with Remittance July 28, 1958 Dist. Dir. Int. Rev. Austin, Mail Unit."

Under the general provisions of the Internal Revenue Code an assessment of a tax must be made within three years after the filing of the return,[3] unless a notice of deficiency is mailed by the District Director to the taxpayer within the three-year period.[4] Another section of the Code provides that the running of the period of limitations for assessment or collection of estate taxes shall be suspended for the period of any extension of time for payment under Section 6161 (a) and other sections.[5]

The Internal Revenue Service determined that additional estate taxes were payable and, on July 27, 1961, a notice of a tax deficiency in the amount of $943,300 was mailed to the Bank as executor by the District Director. Following an assessment, the executor paid the asserted tax and interest and after its claim for refund was rejected, brought suit in the district court. The motion of the executor for a summary judgment was granted. The court held that the estate tax return was so subject to the dominion and control of the District Director on Saturday, July 26, 1958, that it was constructively, if not actually, received by and filed with the District Director on that date, and that the deficiency notice, mailed on July 27, 1961, was sent one day after the expiration of the three-year limitation period and therefore was ineffectual. The District Director has urged that where an extension for filing the return had been granted, the date of the expiration of the exten-

sion rather than the actual earlier date of filing the return is the day from which the limitation period is measured. The district court did not have this question raised before it and hence did not consider it or refer to it in its findings and conclusions. It did say that the period of limitations was not suspended, tolled or extended.

A judgment for the taxpayer executor against the District Director for the amount of the claimed refund was entered, from which the District Director has appealed.

■■ We find ourselves in reluctant disagreement with the conclusion of the district court that the District Director had such dominion and control over the mail addressed to him and held in the post office on July 26, 1958, as to constitute a filing of the return with the District Director. Filing, as the Supreme Court has said, is not complete until the document is delivered and received. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897. The separation, in a post office, of mail addressed to a District Director from other mail is not delivery to the District Director. The filing of a paper takes place upon delivery of it to the officer at his office. Milton v. United States, 5th Cir. 1939, 105 F.2d 253; [6] Poynor v. Commissioner, 5th Cir. 1936, 81 F.2d 521. Mailing is not filing. Poynor v. Commissioner, supra. When the mails are utilized for the purpose of filing an instrument, the filing takes place upon delivery at the office of the official required to receive it. Wampler v. Snyder, 1933, 62 App.D.C. 215, 66 F.2d 195. Although in the course and process of delivery, the return in this case was not delivered, and hence not filed, on July 26, 1958, the limitation period did not commence running until

---

3. 26 U.S.C.A. § 6501(a).

4. 26 U.S.C.A. § 6503(a) (1).

5. 26 U.S.C.A. § 6503(d).

6. The opinion contains an extensive summary of the meaning and consequences of filing. Compare Central Paper Co. v.

Commissioner, 6th Cir. 1952, 199 F.2d 902, which held a document filed when placed in a spot in the post office where mail was customarily picked up by the Tax Court. The opinion emphasizes that the post office had no further duty to perform in connection with the mail.

the return reached the District Director's office on July 28, 1958.

■ The different, and more liberal rules which are sometimes applied with respect to the time for filing notices of appeal in criminal cases [7] should not control in situations such as we have here.[8]

The District Director urges that we pass upon the question as to whether the limitation period began to run at the time of the filing of the return, or from the last day of the extended period for filing. Since we reverse the judgment on the ground upon which it was decided, we do not need to reach the other issue.

For further proceedings the judgment of the district court will be reversed and the cause remanded.

Reversed and remanded.

7. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); Reynolds v. United States, 5th Cir. 1961, 288 F.2d 78, cert. den. 368 U.S. 883, 82 S.Ct. 127, 7 L.Ed.2d 83, reh. den. 368 U.S. 917, 82 S.Ct. 197, 7 L.Ed.2d 133. Cf. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; Berman v. United States, 378 U.S. ——, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964).

8. Cf. Ward v. Atlantic Coast Line Railroad Co., 5th Cir. 1959, 265 F.2d 75, reversed on other grounds, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820.