PANHANDLE & SANTA FE RAILWAY
COMPANY, Appellant,

v.

A. D. HOWARD, Appellee.

No. 7542.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 29, 1965.

Rehearing Denied Dec. 27, 1965.

McWhorter, Cobb, Johnson & Cobb, Lubbock, for appellant.

Splawn & Maner, Lubbock, for appellee.

DENTON, Chief Justice.

This suit was brought under the provisions of the Federal Employers' Liability Act, Article 45, Section 51 et seq. U.S. Code Annotated. Appellee, A. D. Howard, while employed by the Panhandle & Santa Fe Railway Company as a switchman received a back injury on February 15, 1963, while lifting a metal gate which enclosed a spur track leading to an industrial area. The trial court, based on a jury verdict, entered judgment for plaintiff below, and the defendant railroad has perfected this appeal.

In response to the special issues submitted, the jury found: (1) the double gate in question was defective and in disrepair; (2) that the railroad through its employees in the exercise of ordinary care knew or should have known of the defective condition of the gate in time to have repaired same prior to plaintiff's injuries; that such failure was negligence and a proximate cause of the plaintiff's injuries; (3) that the railroad company failed to make a proper inspection of the gate; that such failure was negligence and a proximate cause of the plaintiff's injuries; (4) that the railroad company failed to furnish the plaintiff a reasonably safe place in which to work; that such failure was negligence and a proximate cause of the plaintiff's injuries; (5) that the plaintiff attempted to close the gate in question with knowledge that it was defective; that such act was negligence and a proximate cause of his injuries; (6) that the plaintiff's negligence attributed 1% to his injuries in the comparative negligence issue; and found the plaintiff was damaged to the extent of $42,500. The trial court applied the comparative negligence principle and entered judgment for plaintiff for $42,075.

Appellant first complains of the failure of the trial court to submit its requested issues which inquired whether Howard, knowing his own physical strength, abused such strength in choosing the way and means of closing the gate in question; and whether such act was negligence and a proximate cause of his injuries. It is appellant's position that these requested issues were defensive issues of negligence on the part of the employee and not issues of assumption of risk. They concede there is a fine distinction between assumption of risk on one hand and negligence on the other. All parties seem to agree, and correctly so, that the 1939 amendment to the Federal Employers' Liability Act has "written out" assumption of risk from the

Act. The United States Supreme Court in discussing this amendment in Tiller v. Atlantic Coast Line Railroad Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, stated:

"The result is an Act which requires cases tried under the Federal Act to be handled as though no doctrine of assumption of risk had ever existed."

The United States Court of Appeals, 6th Circuit, in Gowins v. Pennsylvania Railroad Co., 299 F.2d 431 (1962), interpreted the Tiller decision on this point in the following language:

"Assumption of risk as a defense, where there is negligence on the part of the employer, has been written out of the Act. But when used in the sense that the employer is not liable for those risks which it could not avoid in the observance of its duty of care, it has not been written out of the law."

Here the jury found the employer negligent in several respects, and appellant has not raised the sufficiency of the evidence to support these findings.

■ The question is whether the requested issues have submitted assumption of risk or are they a contributory negligence issue. If the issues present the defense of assumption of risk they are clearly improper; if a negligence issue they are proper if they conform with other applicable rules of special issues submission. When the requested issues and the pleadings which form the basis of these issues are analyzed, it is evident they are designed to charge the employee with assumption of risk. The crux of the inquiry deals with the method the employee chose to close the gate. The issue would have required the jury to decide whether the employee "knowing his own physical strength, abused such strength in *choosing the way and means* of closing said gate." (Emphasis added) Assumed risk pertains to a state of mind. Byrd v. Trevino-Bermea, 366 S.W.2d 632. Obviously the requested special issues pertain to Howard's process of thinking or state of mind when he determined how he would close the gate. We think the requested issues did pertain to assumption of risk and the trial court properly refused to submit them. Even though we be mistaken in so holding, the issues were not proper for additional reasons. They were not supported by any evidence as there is no testimony Howard knew his own strength. We are not aware of a rule of law which requires such a finding, nor has a case been cited which holds a workman is charged with knowledge of his own physical strength and the extent to which he may exert such strength before being held negligent. The issues were further erroneous in the form submitted as they constitute a comment on the weight of the evidence.

■ Appellant next contends the trial court, in view of the undisputed evidence that Howard, knowing of the defective condition of the gate abused his own strength in closing the gate, placed a greater degree of care upon the defendant than is required by law. In support of this contention defendant cites several cases in which relief is denied where the injury resulted from the employees' own negligence. Those cited include: International-Great Northern Railroad Co. v. Lowry, 132 Tex. 272, 121 S.W. 2d 585; Shaw v. Atlantic Coast Line Railroad Co., 238 F.2d 525 (4th Circuit); Finnegan v. Monongahela Connecting Railroad Co., 379 Pa. 63, 108 A.2d 321; Roberts v. Louisville & N. R. Co., 111 F.2d 826 (5th Circuit). The holding of these cases are not applicable here. In each of the cases cited no negligence was shown on the part of the employer, and the trier of the facts found the employees' injuries were the result of his own negligence. In the case at bar the jury found the defendant employer, through its agents or employees, negligent in several respects as previously indicated. The jury found Howard negligent in attempting to close the gate with knowledge that it was defective, and that such negligence was a proximate cause of his injuries. In view of the negligent acts of the employer, the contributory negligent act of the

employee did not bar a recovery for his injuries, but goes to the diminution of the damages. This was properly submitted to the jury, and the trial court applied the comparative negligence principle in its judgment.

■ Appellant next takes the position there was no evidence that it had notice of the defective gate; and that the gate located on industrial property of a third party was not the responsibility of the appellant. Appellant argues that even though there was testimony to the effect the defective gate had been previously reported to the yardmaster, he was not the one responsible for making such repairs and, therefore, such report to him did not constitute notice to the railroad. The law is settled that a defendant can not be held for negligence in such cases in the absence of proof that the defect was known or should or could have been known by the defendant with the opportunity to correct it. Miller v. Cincinnati, New Orleans & T. & P. Ry. Co., 317 F.2d 693 (6th Circuit), and cases cited therein. This same rule has been applied to F.E.L.A. actions where negligence is essential to recovery. Wilson v. Missouri Pacific Rd. Co., 319 Mo. 308, 5 S.W.2d 19, Cert. Denied, 278 U.S. 622, 49 S.Ct. 25, 73 L.Ed. 543; Kaminski v. Chicago River & Indiana R. Co., 200 F.2d 1 (7th Circuit). However the establishment of such elements may be made by the proving of facts which permit a jury inference that the defect was discovered or should have been discovered by the exercise of reasonable care or inspection. 56 C.J.S. Master and Servant § 248, page 1002, and cases cited therein. There was testimony from appellant's employees that the gate in question had been defective for at least two years prior to appellee's injury. The length of time a defect had existed is an important factor in determining whether or not the employer in the exercise of ordinary and reasonable care ought to have known of the presence of the defect. Grand Trunk Western R. Co. v. Boylen, 81 F.2d 91 (7th Circuit).

■ Several witnesses, including a switchman and an engineer employed by appellant, testified they reported the defective gate to their yardmaster several times prior to the time Howard sustained his injuries. In spite of testimony that the actual work to correct the damaged gate would be done by the "section crew" under the supervision of the division engineer or the roadmaster, we think notice given to the yardmaster is sufficient. The latter was in charge of switching operations and as such it was his duty as a supervisory employee of the company to provide the switching crew a safe place in which to work. The fact he was not immediately responsible for the actual repairs did not under this record relieve the company of notice of such a defect given to the yardmaster. It is apparent the defect had existed for a rather long period of time. The evidence is sufficient to impute notice to the defendant of the defective condition of the gate. St. Louis Southwestern Ry. Co. of Texas v. Lawrence, (Tex.Civ.App.), 91 S.W.2d 434 (Reversed on other grounds); Texarkana & Ft. S. R. Co. v. LaVelle (Tex.Civ.App.), 260 S.W. 248.

■ The gate in question served to enclose the industrial property owned by a third party, and the record indicates the gate was the property of the third party. Appellant's spur track lead onto this property. In order for appellant's engineers to spot boxcars onto the industrial property, it was necessary to unlock the gate. It is uncontradicted the lock which secured the gate was the property of the railroad company, and the switching crews carried a key which fitted the lock. Appellant urges it was the responsibility of the grain company and not the railroad to make repairs on the gate. Ward v. Atlantic Coast Line Ry. Co., 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820, is cited in support of this contention. That case is not in point. The sole question in that case was whether or not the laborer in a section gang employed by the railroad was an employee of the railroad during the performance of the work when he was in-

jured. The work was being done on a siding privately owned by the turpentine company on a Saturday when the crew was not normally engaged in work for the railway company. The workers were paid by the turpentine company. The Supreme Court reversed and remanded a recovery for the employee on the ground the trial court's charge unduly limited the factors to be considered in determining the laborer's employment.

We think the facts of this case bring it within the ruling of Payne v. Baltimore & Ohio Railroad Co., 309 F.2d 546, (Cert. Denied), 374 U.S. 827, 83 S.Ct. 1865, 10 L.Ed.2d 1051. There the deceased employee of the railroad was killed when the boxcar on which he was riding was derailed. The car was moving on a private spur track and its derailment was caused by ashes being placed on the spur track by the owner of the track. The court in holding the negligence of the owner of the private track was imputable to the railroad under F.E. L.A. based its decision on the responsibility of the railroad to provide for the safety of a place where its employees are required to work. The court held:

"A railroad has the nondelegable duty to provide an employee with a safe place to work. This is so despite the fact that it may not own, control or be under a primary obligation to maintain the premises on which the employee is injured. A railroad is not relieved from liability because such premises are unsafe or because of the existence of an unsafe condition brought about through the act of another and without fault, on the railroad's part. Sinkler v. Missouri Pacific Railroad Co., 356 U.S. 326, 78 S.Ct. 758, 2 L.Ed.2d 799 (1958); Chicago Great Western Railway Company v. Casura, 234 F.2d 441, 447 (8 Cir., 1956); Kennedy v. Pennsylvania Railroad Company, 169 F.Supp. 406, 410 (W.D.Pa., 1959). * * * Can defendant successfully maintain that since it was the duty of SUCO under the terms of the contract to maintain the spur track that SUCO's negligence in failing to properly maintain it is not imputable to defendant? We think not."

See also Denver & Rio Grande Western Railroad Co. v. Conley, 293 F.2d 612 (10th Circuit).

There being no reversible error, judgment of the trial court is affirmed.