**Robert B. MILLER, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 82–4010
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 7, 1982.

Frank P. Hernandez, Dallas, Tex., for petitioner.

William French Smith, Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Linda Womack, Dallas, Tex., Clifford P. Johnson, U. S. Postal Service, Memphis, Tenn., James A. Rolfe, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., Evangeline W. Swift, Gen. Counsel, Merit Systems Prot. Bd., Washington, D. C., for respondent.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

Robert Miller, a Distribution Clerk in the Main Post Office, Dallas, Texas was removed from his employment with the Postal Service (the "Service") effective October 31, 1980. From the final order of the Merit Systems Protection Board (the "Board"), finding that the Service had sustained (1) its charge that Miller was absent without leave and (2) its resulting dismissal of Miller, Miller brings this appeal.

The Service filed a motion to dismiss the petition for review as untimely filed. For the reasons stated below, we grant the motion, and dismiss the appeal.

*The Context Facts*

Robert Miller was hired as a Distribution Clerk in the Main Post Office in Dallas, Texas. Miller was removed from his position effective October 31, 1980 for being absent without leave from August 6, 1980 to September 12, 1980, failure to keep his supervisor aware of his status and failure to present adequate medical documentation. He filed a successful agency appeal, but on the Service's petition for review, the Board reversed the decision of the agency hearing officer and sustained the agency's decision to remove Miller.

The Board's opinion and order was dated November 25, 1981. The order also notified Miller of his right to seek judicial review of

the Board's action and that such review should be filed in the appropriate court no later than *thirty* days after his receipt of this order. Miller received this notice on December 4, 1981. His present petition for review, sent by mail, was received and filed in this court on January 7, 1982, *i.e.*, thirty-four days after he had received notice of the Board's order.

*Timeliness of the Appeal*

■ The Service filed in this court a motion to dismiss the petition for review as untimely filed. Thereby, it contends that the statutory period (thirty days) accorded to Miller under 5 U.S.C. § 7703(b)(1)[1] to file his petition for review ended January 4, 1982. For reasons to be stated, we agree that the petition for review was untimely filed and must be dismissed.

The statutory period within which to file a petition to review a final order or final decision of the Merit Systems Protection Board "30 days after the date the petitioner received notice of the final order or decision of the Board." 5 U.S.C. § 7703(b)(1). *Jackson v. United States Postal Service*, 666 F.2d 258, 259 (5th Cir. 1982). Since Miller received notice of the final order on December 4, 1981, the thirty-day period allowed by section 7703(b)(1) technically ended on Sunday, January 3, 1982. However, as this period ended on a Sunday, Fed.R.App.R. 26(a) allows an extension to the end of the next day which is not a Saturday, Sunday, or legal holiday—in this case Monday, Janu-

ary 4, 1982. Miller's petition was not filed with this court until January 7, 1982.

In opposition to the motion to dismiss, Miller claimed that the petition was mailed January 2, 1982, in time sufficient to allow timely filing on January 4.[2] Miller's argument is that, as the petition was mailed within the applicable statutory period, the appeal is timely.

This argument must fall, however, because the petition must be *received* by the clerk within the applicable period, not mailed or postmarked during this period. Fed.R.App.P. 25(a) (quoted at note 4 below). *Cf., United States v. Miller*, 666 F.2d 991, 993 (5th Cir. 1982); *Ward v. Atlantic Coast Line Railroad*, 265 F.2d 75, 79–80 (5th Cir. 1959), *rev'd on other grounds*, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820 (1960).

The Federal Rules of Appellate Procedure apply to the review of agency orders. Fed.R.App.P. 20 provides that "[a]ll provisions of these rules are applicable to review or enforcement of orders of agencies, except that Rules 3–14 and Rules 22 and 23 are not applicable." Fed.R.App.P. 15 states that review of an order of an administrative agency "shall be obtained by filing with the clerk of a court of appeals which is authorized to review such order, within the time prescribed by law," a petition for review. The applicable "time prescribed by law" in this case is thirty days, 5 U.S.C. § 7703(b)(1).[3] Fed.R.App.P. 25 states the

---

1. 5 U.S.C. § 7703(b)(1) provides:
   § 7703. *Judicial review of decisions of the Merit Systems Protection Board*
           \*      \*      \*      \*      \*      \*
   (b)(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the Court of Claims or a United States court of appeals as provided in chapters 91 and 158, respectively, of title 28. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

2. To support his allegation Miller presented a photocopy of the check, dated January 2, 1982, drawn by his attorney and made out to the clerk for the docket fee for this appeal. The argument presented is that in the normal

course of business of the attorney of record, checks out are made out on the same date they are to be mailed. We pretermit whether this showing, without affidavit by a person who actually mailed the document or by a postal official who received it, would be adequate for the purpose presented.

3. Section 7703(b)(1) provides that a petition to review a final order or decision of the Board is to be *filed* as provided in 28 U.S.C. §§ 1491 et seq. (Chapter 91, Court of Claims) and §§ 2341 et seq. (Chapter 158, Orders of Federal Agencies; Review). However, the time within which the petition must be filed, is set by § 7703(b)(1), "[n]otwithstanding any other provision of law," at "30 days after the date the petitioner received notice of the final order."
   We note that 28 U.S.C. § 2344 provides a period of sixty days in which to file a petition

general provisions for filing and service. Rule 25 pertinently provides that, if a filing is mailed, such "filing shall not be timely unless the papers are received by the clerk within the time fixed for filing."[4]

Assuming that petitioner did mail his petition for review on January 2, 1982, (within the thirty-day period), his appeal is still untimely filed because it was not received by the clerk within the time fixed for filing.

*Conclusion*

Accordingly, we granted the respondent's motion to dismiss the petition for review as untimely, and the petitioner's petition for review is DISMISSED.

DISMISSED.

---

for review as § 7703 provides specifically for review of decisions of the Merit Systems Protection Board. Its thirty-day limit provides the rule for this case.

**4.** Fed.R.App.P. 25(a):

(a) *Filing.* Papers required or permitted to be filed in a court of appeals shall be filed with the clerk. Filing *may be accomplished* by mail addressed to the clerk, *but filing shall not be timely unless the papers are received by the clerk within the time fixed for filing* except that briefs and appendices shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized. (Emphasis added).