Clarence DeSHONG, Plaintiff-Appellant,

v.

**SEABOARD COAST LINE RAILROAD COMPANY, a corporation, Defendant-Appellee.**

No. 83–3181.

United States Court of Appeals, Eleventh Circuit.

Aug. 1, 1984.

James R. Hubbard, Joel D. Eaton, Miami, Fla., for plaintiff-appellant.

O. Robert Wallace, III, Daniel N. Burton, Marian P. McCulloch, Tampa, Fla., for defendant-appellee.

Before FAY, KRAVITCH and HATCHETT, Circuit Judges.

FAY, Circuit Judge:

Appellant, Clarence DeShong, a truck driver for Seacoast Transportation Company ("Seacoast"), was injured while he was coupling his truck to a Seaboard Coast Line Railroad Company ("Seaboard") trailer. He received benefits from Seacoast for his injuries under Florida's Workmen's Compensation Act. He then brought an action as Seaboard's employee in the United States District Court for the Middle District of Florida under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60 (1980). Seaboard moved for summary judgment and the district judge granted the motion. The trial court found DeShong was estopped from claiming that he was Seaboard's employee for FELA purposes when he had previously claimed that he was Seacoast's employee to collect his workmen's compensation benefits. We disagree. The doctrine of estoppel does not apply in this case because an FELA plaintiff can be an employee of more than one corporation.

FACTS

Seacoast, a wholly owned subsidiary of Seaboard, picks up and delivers trailers to ramps as part of Seaboard's piggyback operation. On June 9, 1977, DeShong, a truck driver for Seacoast, was injured while trying to hook up his truck to a fully loaded trailer which had been allowed to drop too close to the ground. He received a lump sum settlement from Seacoast's carrier for his injuries under Florida's Workmen's Compensation Act. A year later he initiated an action in district court under the FELA. Under the act a covered railroad is liable for negligently causing the injury or death of any person "while he is employed" by the railroad.[1] Thus, in order to establish liability under the act, a plaintiff must first establish the requisite employment relationship with the defendant railroad.

Following extensive discovery, Seaboard filed a motion for summary judgment. It asserted that the evidence clearly demonstrated that Mr. DeShong had no remedy under the FELA because he was employed by Seacoast, not Seaboard. The district judge denied the motion because the issue of plaintiff's employment was a factual question to be resolved by a jury. R. Vol. I at 200.

Seaboard filed a motion for reconsideration. It asserted that DeShong could not claim to be an employee of Seaboard to collect damages under the FELA when he had previously asserted that he was Seacoast's employee in order to receive the benefits of Florida's Workmen's Compensation Act. The district judge granted Seaboard's motion for summary judgment based only on the theory of estoppel[2] and

---

1. 45 U.S.C. § 51 (1980) provides:
 Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or ... any foreign nation or nations shall be liable in damages to any person suffering injury while he was employed by such carrier in such commerce, ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment ....

2. The judge stated:
 This court is of the opinion that SCL's [Seaboard's] Motion for Summary Judgment should be granted on the ground that the Plaintiff is estopped to assert a claim against SCL [Seaboard] under the FELA by reason of his having represented himself to be an employee of Seacoast Transportation Company in order to receive Florida workers' compensation benefits.
 R. Vol. I at 211.

DeShong appealed. The only issue before us is whether the appellant is estopped from claiming he was an employee of the railroad when he had previously asserted he was an employee of the transportation company.[3]

ESTOPPEL

 The district court's decision in this case was based solely on the doctrine of estoppel.[4] This doctrine is grounded on a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result. *See, e.g., Kaneb Services, Inc. v. Federal Savings and Loan Ins. Corp.,* 650 F.2d 78 (5th Cir.1981). Under the doctrine of equitable estoppel a party with full knowledge of the facts, who accepts the benefits of a transaction, contract, statute, regulation or order, may not subsequently take an inconsistent position to avoid the corresponding obligations or effects.[5] *See, e.g., Aetna Life Ins. Co. v. Bocanegra,* 572 S.W.2d 355 (Tex.Civ.App. 1978). Thus, a plaintiff should not be permitted to assert formally the existence of one state of facts in a claim against one party and accept benefits in satisfaction of that claim, and then maintain an action against another party on the ground that the facts first asserted did not exist.

The district judge in this case concluded that this was exactly what DeShong was trying to do. DeShong first asserted he was an employee of Seacoast to collect workmen's compensation benefits from Seacoast's carrier. He accepted benefits in satisfaction of that claim. He then tried to maintain a FELA action against Seaboard by claiming that he was Seaboard's employee. The district judge concluded that DeShong could not assert these inconsistent positions and granted Seaboard's summary judgment motion. We disagree.

The Supreme Court in Kelley v. Southern Pacific Co., 419 U.S. 318, 95 S.Ct. 472, 42 L.Ed.2d 498 (1978), clearly found that an employee could be employed by more than one corporation.[6] In *Kelley,* an employee of a wholly-owned subsidiary motor carrier sued a railroad under the FELA for injuries sustained from falling off a railroad car. Kelley acknowledged that he was technically an employee of the trucking company rather than the railroad but he

---

3. We need not reach the election of remedies issue because the district judge clearly stated in his order:

> This [estoppel] theory is not an election of remedies, but an estoppel based on the Plaintiff's representation that he was an employee of Seacoast.

> R. Vol. I at 211.

4. The district court found estoppel especially applicable in this case because Florida Statute § 440.09(2) (1977) provides that:

> No compensation shall be payable in respect of the disability or death of any employee covered by the Federal Employers' Liability Act, the Longshoremen's and Harbor Workers' Compensation Act, or the Jones Act.

We disagree. All that this statute says is that workers covered by federal compensation schemes have no right to benefits under Florida's act. To prevent unjust enrichment in this case all that is required is for the compensation carrier to file a lien in this action. *See e.g., Biggs v. Norfolk Dredging Co.,* 360 F.2d 360 (4th Cir.1966). Because Seacoast is a wholly-owned subsidiary of Seaboard, Seaboard is in a perfect position to repay Aetna if Mr. DeShong proves that his remedy actually lies under FELA and the compensation carrier meets the requirements of the Florida lien statute.

5. This principle requiring consistency is usually considered a form of equitable estoppel, although it lacks the element of detrimental reliance. It has also been considered a variation of judicial estoppel, based on the principle that a party should not be permitted to abuse the judicial process by obtaining one recovery based first on affirming a certain set of facts and then another recovery based on denying the same state of facts. *See, Metroflight, Inc. v. Shaffer,* 581 S.W.2d 704 (Tex.Civ.App.1979).

6. It is also interesting to note that although the Court's holding in *Kelley* dealt only with the employment status issue, the plaintiff in *Kelley,* as the plaintiff in this case, had received workmen's compensation benefits from the defendant railroad's subsidiary. The Supreme Court held, nevertheless, that the plaintiff could recover in his FELA action if he proved as a matter of fact that he was an employee of the railroad. *Accord, Vanskike v. ACF Industries, Inc.,* 665 F.2d 188, 200 n. 9 (8th Cir.1981) (payment of benefits by wholly-owned subsidiary of defendant railroad was not necessarily inconsistent with a finding of employment by the railroad under the subservant concept discussed in *Kelley*).

contended that "his work was sufficiently under the control of the railroad to bring him within the coverage of the FELA." *Id.* at 320, 95 S.Ct. at 474. Just like DeShong, Kelley had also received workmen's compensation benefits from the trucking company prior to initiating the FELA claim. Notwithstanding this the Supreme Court held that the plaintiff could also be found to be an employee of the railroad for FELA purposes. The Court stated that:

> [u]nder common-law principles, there are basically three methods by which a plaintiff can establish his "employment" with a rail carrier for FELA purposes even while he is nominally employed by another. First, the employee could be serving as the borrowed servant of the railroad at the time of his injury. [Citations omitted.] Second, he could be deemed to be acting for two masters simultaneously. [Citations omitted.] Finally, he could be a subservant of a company that was in turn a servant of the railroad. [Citations omitted.]

*Id.* at 324, 95 S.Ct. at 476.

■ If, in an FELA action, a plaintiff can properly be found to be an employee of both a wholly-owned subsidiary of a railroad and the railroad itself, then a representation that he is employed by the wholly-owned subsidiary is not inconsistent with a claim that he is also employed by the railroad. Because inconsistency is the crucial element of the doctrine of estoppel, there is no basis for applying estoppel in this case. The positions presented in DeShong's two claims were consistent and a jury should have been allowed to determine the question of DeShong's employment status for FELA purposes. *Ward v. Atlantic Coast Line Railroad Company,* 362 U.S. 396, 399, 80 S.Ct. 789, 791, 4 L.Ed.2d 820 (1960).

The district judge relied solely on *Barrera v. Roscoe, Snyder & Pacific Railway Co.,* 385 F.Supp. 455 (N.D.Tex.1973), *aff'd.*

*mem.,* 503 F.2d 1058 (5th Cir.1974), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1446, 43 L.Ed.2d 762 (1975), in reaching its conclusion. In *Barrera,* the plaintiff brought an FELA action against the railroad after having recovered workmen's compensation benefits from a subsidiary of the railroad. He did not claim to be an employee of the railroad and instead acknowledged that he was an employee of the subsidiary. He sought recovery against the railroad for the subsidiary's negligence on the theory that the subsidiary was the *alter ego* of the railroad. The jury returned a verdict in favor of the plaintiff and the district court granted the railroad's motion for judgment n.o.v. This ruling was based on two grounds. First, the court found that the evidence presented at trial did not support a finding that the subsidiary was an *alter ego* of the railroad. In addition to the court concluded that the plaintiff was estopped from asserting a claim against the railroad under the FELA since he had successfully prosecuted a claim under the Texas Workmen's Compensation Act. 385 F.Supp. at 462. On appeal, the Fifth Circuit affirmed the decision in a memorandum opinion.[7]

Although we acknowledge that *Barrera* is confusing, we find that it is not binding on this court since it has no precedential value. Barrera acknowledged that he was not an employee of the railroad and he did not assert that the railroad's negligence had caused his injuries. He, therefore, only had an FELA action if he could prove that his employer was merely an *alter ego* of the railroad. The district court's conclusion on this issue was dispositive of the case. Its alternative conclusion on estoppel grounds was therefore unnecessary and purely dictum. The Fifth Circuit only approved the result reached in the district court without expressly approving the opinion or adopting its reasons. The decision

7. The decision reads in its entirety as follows:

PER CURIAM:

We have given careful consideration to the contentions of the parties as set forth in their well-prepared briefs and further amplified at oral argument. It is our opinion that the district court arrived at the proper conclusion and that the appellant has not presented any valid basis for reversal. Accordingly, the judgment entered for appellee by the district court is affirmed.

cannot be viewed as binding precedent on the estoppel issue. *Cf. Dillenburg v. Kramer,* 469 F.2d 1222 (9th Cir.1972) (summary affirmance without opinion has little precedential significance); *American Fidelity & Casualty Co. v. Indemnity Insurance Co. of North America,* 308 F.2d 697 (6th Cir.1962), *cert. denied,* 372 U.S. 942, 83 S.Ct. 935, 9 L.Ed.2d 968 (1963) (a *per curiam* memorandum affirmance without approval of the opinion of the trial court or adoption of its reasoning does not constitute precedent on questions of state law binding upon a federal court in a diversity action.) The doctrine of estoppel is inapplicable in this case.

REVERSED.