CHICAGO COMMODITIES, INC.; Rosenthal & Company; Diana Watt, Donald W. Adams, Petitioners,

v.

COMMODITIES FUTURES TRADING COMMISSION, Respondent,

Charles L. Dick; Wilma Dick, Claimants.

No. 86–7096.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1987.

Decided March 2, 1987.

Ralph A. Mantynband and Debbie Pines, Chicago, Ill., for petitioners.

Charles D. Stodghill, Washington, D.C., for respondent.

Robert Baronsky, Seattle, Wash., for claimants.

Before WRIGHT, FARRIS and BEEZER, Circuit Judges.

## ORDER

■ The Commodity Futures Trading Commission (CFTC) issued a reparation order on February 3, 1986 in favor of the claimants, Mr. and Mrs. Dick, for $44,-992.45. The petitioners filed a timely petition for review of the CFTC order with this court. However, the clerk of the court received the petitioners' appeal bond 31 days after entry of the CFTC's order. The Commodity Exchange Act, 7 U.S.C. § 18(e), requires that a party seeking review of a CFTC reparation order file a bond with the clerk within 30 days after the date of the reparation order. We hold that the bond requirement in 7 U.S.C. § 18(e) is jurisdictional and, accordingly, we dismiss for lack of jurisdiction.

The plain meaning of the language in 7 U.S.C. § 18(e) supports our conclusion that the bond requirement is jurisdictional. Specifically, section 18(e) provides that "[s]uch appeal *shall not be effective* unless within 30 days from and after the date of the reparation order the appellant also files with the clerk of the court a bond...." (emphasis added). While this language is subject to several interpretations, the most persuasive interpretation of the provision is that the timely filing of an appeal bond is a prerequisite for appellate jurisdiction. *See Kessenich v. Commodity Futures Trading Commission*, 684 F.2d 88, 91–92 (D.C.Cir. 1982) (holding that the bond requirement is jurisdictional); 16 C. Wright, A. Miller, E. Cooper & E. Gressman *Federal Practice and Procedure* § 3972 (1977) ("[f]or the most part, the timely filing of such notices or petitions is essential to the exercise of the jurisdiction of the court of appeals"). We also note that our holding is consistent with the legislative history of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499g(c). *See* H.R.Rep. No. 1546, 87th Cong., 2d Sess. 7, *reprinted in* 1962 U.S.Code Cong. & Admin.News 2749, 2754. The Commodity Exchange Act was modeled after PACA. The bond requirements in the two statutes are identical. The legislative history of PACA unequivocally indicates that the bond requirement is jurisdictional.

■ The CFTC issued its order on February 3, 1986. The petitioners received a copy of the CFTC's order on February 7, 1986. They contend that the 30 day time limit for filing the appeal bond did not begin to run until they received actual notice of the Commission's order. This claim is meritless. The statute expressly provides that the appeal bond must be filed "30 days from and after the date of the reparation order." 7 U.S.C. § 18(e). Accordingly, February 3, 1986 is the controlling date. The statute could not be more explicit. If Congress wished to require actual notice, it would have done so in the statute. Significantly, a petition for review must be filed "within 15 days *after the notice of such order is given* to the offending person." 7 U.S.C. § 9 (emphasis add-

ed). Thus, Congress knew how to specify notice as the triggering event when it wished to do so. *Kessenich,* 684 F.2d at 92.

■ The petitioners were required to file the bond by March 5, 1986. It is undisputed that the petitioners mailed the bond, via express mail, on the 5th. The bond was not received in the clerk's office until the 6th. The petitioners request us to rely on Supreme Court Rule 28 or CFTC rule 12.10, both of which allow filing by mail. Neither rule is binding on this court nor relevant in this action. We are guided by Fed.R. App.P. 25(a). This rule expressly states that all papers, except for briefs and appendices, must be received by the clerk within the time fixed for filing to be timely. An appeal bond must, therefore, be received by the clerk within the 30 day limit. *Cf. Miller v. United States Postal Service,* 685 F.2d 148, 150 (5th Cir.1982), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 286 (1983). Here, the clerk received the petitioners' bond on the 31st day. The bond was one day late.

The petition for review is dismissed for lack of appellate jurisdiction.