**Nadia EL RAHEB, Plaintiff,**

v.

**SCHNEIERSON HOLDING CORP. and Triangle Lingerie Corp., Defendants.**

**No. 90 Civ. 4975 (RPP).**

United States District Court, S.D. New York.

Jan. 15, 1991.

42

Ahmed Aly Massoud, P.C. by Ahmed Aly Massoud, New York City, for plaintiff.

Kreitzman, Mortensen & Simon by Eric P. Simon, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Schneierson Holding Corp. ("Schneierson") and Triangle Lingerie Corp. ("Triangle") move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this complaint for wrongful discharge, for failure to state a claim upon which relief may be granted, and pursuant

to Rule 11 of the Federal Rules of Civil Procedure to impose sanctions.

The complaint was filed in the Supreme Court of the State of New York, alleging causes of action under common law and for violations of state statutes. Defendants removed the case to this Court on the ground that federal jurisdiction exists because the National Labor Relations Act, 29 U.S.C. 141 *et seq.*, preempts the state claims alleged by the plaintiff. There is no diversity of citizenship between the parties.

Plaintiff's responsive papers move for remand of this action to state court and oppose both the motion to dismiss and the removal from state court, on the ground that this Court does not have subject matter jurisdiction because the action does not arise from federal labor law and does not involve a federal question.

For the reasons stated below, defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and for sanctions are denied. With respect to plaintiff's cross-motion, the Court finds that there is no federal subject matter jurisdiction and remands the action to the New York State Supreme Court.

## DISCUSSION

I.  Defendants' Rule 12(b)(6) Motion

Rule 12(b)(6) motions are to be decided on the allegations pleaded in the complaint. Defendant has submitted an affidavit and nine exhibits in support of this motion and plaintiff has submitted a counter-affidavit. The Court will consider both affidavits and the exhibits in deciding both defendants' and plaintiff's motions and will treat the 12(b)(6) motion as one for summary judgment under Fed.R.Civ.P. 56.[1]

The material allegations of the first cause of action of the complaint, upon which defendants rely in claiming federal preemption, are as follows. Plaintiff Nadia El Raheb ("El Raheb") was employed as a

---

**1.** Fed.R.Civ.P. 12 provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court,

the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

pattern maker, grader and cutter by Triangle from 1979 to 1988. Local 10 of the International Ladies Garment Workers Union ("the Union") represented Triangle's employees and was party to several successive collective bargaining agreements with Triangle. On February 1, 1988, Schneierson acquired the assets of Triangle, assumed the trade name "Triangle Lingerie Company" and under the name of Triangle Lingerie Company continued substantially the same operations as Triangle had before. On February 1, 1988, no collective bargaining agreement ("CBA") was in effect between the Union and Triangle, the latest having expired. Schneierson was not a party to the expired CBA but upon taking over the business expressly adopted the terms and conditions of the expired collective bargaining agreement, creating an implied contract at law between Schneierson and plaintiff. On May 11, 1988, Schneierson discharged plaintiff from her employment without good and sufficient cause and in breach of the implied contract.

Defendants claim that the complaint pleads a cause of action of implied contract which must be dismissed under the rationale of *Derrico v. Sheehan Emergency Hospital*, 844 F.2d 22 (2nd Cir.1988) (state jurisdiction over a claim alleging breach of an implied employment contract is preempted by federal labor law and cannot be remanded to state court). *Derrico*, which also involved a claim of wrongful discharge, arose out of factual circumstances different from the case at bar. Derrico, before seeking judicial relief, filed charges with the National Labor Relations Board, which found in its preliminary investigation that Derrico was terminated for poor performance, i.e. for cause, and declined to issue a complaint. Derrico then filed suit in state court alleging breach of a contract of employment which arose by virtue of the employer and the union members extending their relationship under the terms of an expired CBA. The case was removed to federal court, where the Second Circuit upheld federal jurisdiction based on preemp-

tion of state law by Section 8 of the National Labor Relations Act ("NLRA").

> To derive an implied contract at state law from the very post-expiration maintenance of status quo that the section 8 bargaining obligation *requires* would raise the chaotic prospect that mere compliance with the NLRA would give rise to a contractual commitment in every state where such agreements may be implied from parties' conduct.... The potential for disrupting collective bargaining is thus especially serious in this case and compels the conclusion that the state law claim is preempted by the NLRA.

*Derrico*, 844 F.2d (emphasis in original).[2] In *Derrico*, the Second Circuit held that federal jurisdiction existed because the state claim would directly affect the regulatory framework of which Section 8 is part, recognizing that Derrico's employer, who had not changed, was bound by Section 8 after the expiration of the CBA. Here, defendants seek federal preemption and the right to dismissal based on the claim that they are a successor employer subject to the previous employer's bargaining obligation under Section 8 and thus subject to federal jurisdiction by preemption:

> When Schneierson Holding Corp. purchased the assets of Triangle, it retained all of Triangle's employees, continued the operations of Triangle and began doing business as Triangle, it became a successor employer to Triangle. *NLRB v. Burns International Detective Agency*, 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972). As such it was obligated to recognize Local 10 and bargain with it concerning terms and conditions of employment. *Id.* Moreover, having agreed to maintain the status quo as defined by the terms of the expired collective bargaining agreement, Schneierson was not free, by virtue of federal law to change those terms without bargaining with Local 10.

---

**2.** The Second Circuit also rejected the idea that the state action was preempted by Section 301 and held that "section 301 has no application in the absence of a currently effective CBA." *Derrico* at 25.

Defendants' Memorandum of Law in Support of Jurisdiction, 2–3. Defendants' claim that they are successor employers of plaintiff, however, is not contained in plaintiff's complaint. Instead plaintiff alleges that Schneierson purchased the assets of Triangle and assumed the name "Triangle Lingerie Company." There is no allegation that the stock of Triangle was purchased by Schneierson. Furthermore, defendants' papers contain inconsistent allegations of fact. Richard Schneierson in his supporting affidavit claims to be the "President of Triangle Lingerie Corp." whereas the memorandum in support of defendants' motion to dismiss states Schneierson purchased Triangle Lingerie Corp. and continued operations under the trade name Triangle Lingerie Company. Affidavit of Richard Schneierson, July 30, 1990, ¶ 1; Defendants' Memorandum of Law in Support of Motion to Dismiss, 3. Exhibits A and D to the Schneierson affidavit (letters signed by Richard Schneierson and Marc Zeloof, dated after February, 1988) are on the letterhead of Triangle Lingerie Corporation. These inconsistencies in defendants' papers, together with plaintiff's allegations, are sufficient for the Court to find that genuine issues of fact exist and defendants are not entitled to summary judgment.

## II. Motion to Remand to State Court For Lack of Federal Subject Matter Jurisdiction

Attached as Exhibit G to the Schneierson affidavit is an arbitrator's opinion and award dated September 9, 1989, in a grievance proceeding brought by the Union against Triangle Lingerie Corp. in connection with plaintiff's discharge. Schneierson Aff., Exhibit G, Opinion and Award, September 8, 1989 ("Opinion and Award"). The Opinion and Award dismissed the Union's grievance of the termination of employment of plaintiff as not arbitrable because it found her termination of employment was not subject to the limitations of the collective bargaining agreement. De-

fendants' Exhibit G at 6. The arbitrator based his opinion on the following finding:

There is yet a further issue which is anterior to all of the other issues raised by the Employer, namely, whether the grievance itself comes within the scope of the arbitration clause of the collective bargaining agreement. In this connection, the undisputed evidence shows that the Employer acquired the assets of another corporation on February 1, 1988, including the name of that other corporation which it now uses. The Employer continued the business of the other corporation albeit on a substantially restricted scale. Most of its employees were formerly employed by the other corporation but, because of the reduced operations, not all of those employees were hired. The other corporation had a collective bargaining agreement with the Union. However, since the Employer was not in any sense deemed to be the "alter ego" of the other corporation that agreement was not binding upon the Employer.

Defendants' Exhibit G at 2–3.[3] The above quotation and the findings of continuation of business on a substantially restricted scale, reduced operations, and that the new Triangle "was not in any sense deemed to be the 'alter ego' of the other corporation" are at considerable variance from the factual statements contained in the Schneierson affidavit and defendants' papers, which suggest that the "new" Triangle is a successor to the "old" Triangle Lingerie Corp. See Defendants' Memorandum in Support of Jurisdiction, 2–3. On this motion, defendants now maintain:

Defendant Schneierson Holding Corp. purchased the assets of Triangle Lingerie in February 1988. As alleged in the complaint, it continued doing business as Triangle Lingerie Corp., retained virtually all of its predecessor's employees and continued substantially all of the operations of the "old Triangle."

**3.** The Opinion and Award goes on to find that the retroactive date of the CBA subsequently entered into by the Employer and the Union in February 1989 did not apply to the discharge

only for cause provision and thus did not apply to the discharge of plaintiff in May, 1988. Defendants' Exhibit G at 3–5.

Defendants' Memorandum in Support of Jurisdiction, 2. Defendants assert that due to "new Triangle's" position as a successor employer to "old Triangle" and the status quo requirements of Section 8 of the NLRA, plaintiff's claims are predicated on federal law and defendants were not free to imply a contract under state law. Defendants' Memorandum of Law in Support of Jurisdiction, 2–4. *See* Defendants' Memorandum in Support of Jurisdiction, quoted *supra* at 5. Defendants argue that "As in *Derrico* those terms [of the expired collective bargaining agreement], particularly Article 21, survived the expiration of the contract with Local 10 only because federal labor law required the maintenance of the status quo pending negotiations. Since federal law is a necessary predicate to Count I of the Complaint, the exercise of removal jurisdiction is appropriate." *Id* at 5.[4] *See also* Defendants' Reply Memorandum at 6.

In view of the inconsistent position that defendants took before the arbitrator, i.e. that federal law did not apply because the terms of the expired CBA did not apply to them; and defendants' position here, i.e. that a federal question exists because the terms of the expired CBA do apply to them, defendants are collaterally bound by the position they took in the arbitration of the same grievance, when they contended they were not parties to any CBA at the time of plaintiff's discharge and were not bound by federal law to maintain the terms of the expired CBA.[5] Having taken that position in the arbitration proceeding and having obtained a ruling to their benefit based on the lack of a binding obligation under federal labor law, defendants cannot seek in this proceeding to claim that they were so bound and that plaintiff's rights are limited by federal preemption of her claims.

Principles of estoppel preclude defendants from asserting here that they were legally bound by the old CBA. *See Young*

*v. United States Dep't of Justice*, 882 F.2d 633 (2nd Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 1116, 107 L.Ed.2d 1023 (1990); *Hardline Electric Inc. v. International Brotherhood of Electrical Workers, Local 1547*, 680 F.2d 622, 626 (9th Cir. 1982), *cert. denied*, 459 U.S. 1170, 103 S.Ct. 814, 74 L.Ed.2d 1013 (1982). "[A] party with full knowledge of the facts, who accepts the benefits of a transaction, contract, statute, regulation or order, may not subsequently take an inconsistent position to avoid the corresponding obligations or effects." *DeShong v. Seaboard Coast Line R. Co.*, 737 F.2d 1520, 1522 (11th Cir.1984). Defendants are estopped because they participated in the arbitration proceeding, where they presented evidence and had a full opportunity to present arguments, and they benefited therefrom. *See C.H. Sanders Co. v. BHAP*, 903 F.2d 114 (2nd Cir.1990). Accordingly, the Court finds that defendants are estopped from claiming to be "successors" to "old Triangle" under federal labor law and from claiming that federal subject matter jurisdiction preempts state causes of action in this case.

Under these circumstances, federal labor law does not apply to plaintiff's causes of action and federal subject matter jurisdiction does not exist in this case. The action is remanded to state court pursuant to 28 U.S.C. § 1447(c).

Plaintiff's request for costs, expenses and attorneys' fees in connection with the removal to federal court is denied.

IT IS SO ORDERED.

---

4. Article 21 of the expired CBA provided that "no worker shall be discharged without good and sufficient cause." Defendants' Reply Memorandum at 2; Complaint, ¶ 9.

5. Indeed, defendants in their pleadings assert that the decision of the arbitrator was final and binding, relying on the arbitration clause of the collective bargaining agreement which the arbitrator held did not bind them, and ask that the Court give his Opinion and Award "preclusive weight." Defendants' Memorandum of Law in Support of Motion to Dismiss, 2, 9–10.