**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60609
Summary Calendar

AYAZ SHAIKH,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 434 060
--------------------

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Ayaz Shaikh, a native and citizen of India, petitions this court for review of the Board of Immigration Appeals's (BIA) March 16, 2004, summary affirmance of the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT) Act. We deny review.

An alien may seek review of a final order of removal by filing a petition with this court within 30 days following the date of the final order.  See 8 U.S.C. § 1252(a)(1), (b)(1) (2000).  The timely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filing of a petition for review is a jurisdictional requirement, the absence of which deprives us of jurisdiction to review a decision of the BIA. See Karimian-Kaklaki v. INS, 997 F.2d 108, 111-12 (5th Cir. 1993).

The evidence supports a finding that on April 12, 2004 we received Shaikh's petition for review of the BIA's March 16, 2004 order. See FED. R. APP. P. 25(a)(2)(A) (filing complete when clerk receives papers); see also Ward v. Atlantic Coats Line Railroad, 265 F.2d 75, 80-81 (5th Cir. 1959), rev'd on other grounds, 362 U.S. 396 (1960). As that filing was timely, we have jurisdiction to consider the merits of Shaikh's petition.

Shaikh does not explicitly challenge the BIA's conclusion that he is not eligible for asylum, withholding of removal, or protection under the CAT Act. Therefore, these issues are deemed abandoned. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Shaikh does, however, assert that the IJ erred in finding him not credible. On appeal, Shaikh has failed to demonstrate that the IJ's resolution of the credibility issue is not supported by substantial evidence and that the record compels a credibility determination contrary to that of the IJ.

Shaikh argues on appeal that the BIA erred in denying his motion to reopen, but he did not file a petition for review relative to the BIA's July 16, 2004, order denying his motion to reopen. Therefore, we have no jurisdiction to review that decision. See 8 U.S.C. § 1252; Karimian-Kaklaki, 997 F.2d at 111.

2

Accordingly, Shaikh's petition for review is DENIED.