OPINION OF THE COURT
Jack J. Cannavo, J.
The defendant, Long Island Railroad Company, has moved for summary judgment dismissing the plaintiff’s action which was commenced to recover damages for personal injuries sustained from a fall. The plaintiff, John Vann, has opposed the motion.
The facts herein are uncontroverted by the parties. The plaintiff is an employee of the Long Island Railroad. In 1981, Vann and a fellow employee, Mr. Angelo Mazzone, drove to a General Motors Corporation facility in Catonsville, Maryland, at the request of the Long Island Railroad. These two employees were present in Maryland to observe the maintenance and repair of certain types of electrical equipment.
At the conclusion of the day, Vann and Mazzone drove to a hotel operated by Quality International. Quality International is a codefendant herein. Employees of General Motors Corporation made reservations at the Quality International Hotel on behalf of the plaintiff, and the Long Island Railroad reimbursed Vann and Mazzone for the hotel bill.
After checking into the hotel for the evening, Vann was exiting the hotel with his companion to go to dinner when he slipped on ice in the driveway of the hotel. As a result of this fall, he was injured.
The complaint herein alleges "that plaintiff sustained serious personal injuries * * * as a result of the conduct of the defendant, its agents, servants and/or employees, in violation of the Federal Employers’ Liability Act negligently and carelessly conducting themselves in their railroad operation; negligently and carelessly failing to provide plaintiff with a safe place to work and a safe lodging; failing to warn plaintiff of the unsafe and dangerous condition in which he was working; in failing to provide proper and safe means of ingress and egress from said lodging; and were otherwise negligent and careless in the premises.”
The plaintiff claims that pursuant to the Federal Employers’ Liability Act (45 USC §§ 51-60) the defendant railroad may be liable to the plaintiff for the negligence of the defendant, Quality International. 45 USC §51 states, in relevant part: "Every common carrier by railroad * * * shall be liable in damages to *1084 any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents or employees”.
There is little doubt here that plaintiff was acting within the scope of his employment when he traveled to Maryland at the behest of his employer, the Long Island Railroad. However, this conclusion cannot end our analysis, since the Federal Employers’ Liability Act (also called FELA) does not make the railroad an insurer of its employees’ health, welfare and safety (Inman v Baltimore & Ohio R. R. Co., 361 US 138). The Federal Employers’ Liability Act is not a workers’ compensation statute; it does not impose liability without fault (Pyzynski v Pennsylvania Cent. Transp. Co., 438 F Supp 1044).
This is not, however, to say that common-law principles of liability should be used in interpreting the Federal Employers’ Liability Act (Sinkler v Missouri Pac. R. R. Co., 356 US 326; reh denied 356 US 978). As the United States Supreme Court has stated (p 330): "a railroad worker may recover * * * for an injury caused in whole or in part by a fellow worker, not because the employer is himself to blame, but because justice demands that one who gives his labor to the furtherance of the enterprise should be assured that all combining their exertions with him in the common pursuit will conduct themselves in all respects with sufficient care that his safety while doing his part will not be endangered. If this standard is not met and injury results, the worker is compensated in damages.”
The reason for the altered standard of liability under this act is found in the purpose for the enactment of the legislation. According to the Senate Committee, this act should promote "the welfare of both employer and employee, by adjusting the losses and injuries inseparable from industry and commerce to the strength of those who in the nature of the case ought to share the burden” (S Rep No. 460, 60th Cong, 1st Sess, 3).
This court neither must nor will apply this negligence standard to the facts herein to dispose of the defendant railroad’s motion for summary judgment. Obviously, under most circumstances, the issue of negligence raises factual questions not readily determinable on a motion. Resolution of such issues require a trial on the merits (Andre v Pomeroy, 35 NY2d 361; Heimrich v Stevens, 67 AD2d 1093).
*1085 This motion for summary judgment raises the threshold issue of whether Quality International can be considered an agent under the Federal Employers’ Liability Act for the purpose of imputing liability to the railroad for the alleged negligence of Quality International.
Although the Federal Employers’ Liability Act does not define "agent” the Federal cases confronting this issue make it clear that this court cannot rely on the common-law definition of agency in categorizing the relationship between the defendants (Sinkler v Missouri Pac. R. R. Co., 356 US 326, reh denied 356 US 978, supra).
Generally, an agent is a person or entity authorized by another to act on its account or to act under its control (Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455). An agent is not an independent contractor since an agent is controlled or subject to the control of the entity hiring it, and an independent contractor is not subject to this scrutiny. The independent contractor is only subject to control as to the result of its work (Uppington v City of New York, 165 NY 222).
Instead of relying on the common-law definition of agency to determine if the Long Island Railroad may be liable for the alleged negligence of Quality International, the underlying purpose of the act must be consulted to construe the term agent as used by the Federal legislation. As the United States Supreme Court has said: "an accommodating scope must be given to the word 'agents’ to give vitality to the standard governing the liability of carriers to their workers injured on the job * * * We therefore hold that when a railroad employee’s injury is caused in whole or in part by the fault of others performing, under contract, operational activities of his employer, such others are 'agents’ of the employer within the meaning of § 1 of FELA” (Sinkler v Missouri Pac. R. R. Co., 356 US 326, 330-332, supra).
The lower Federal court cases interpreting Sinkler v Missouri Pac. R. R. Co. (supra) focus on this language (Pyzynski v Pennsylvania Cent. Transp. Co., 438 F Supp 1044, supra; Leek v Baltimore & Ohio R. R. Co., 200 F Supp 368). In other words, the employer railroad is liable for the negligence of a third person, hired by the railroad, to perform operational activities required to carry out railroad functions (Ward v Atlantic Coast Line R. R. Co., 362 US 396; Sinkler v Missouri Pac. R. R. Co., supra).
Although the plaintiff cites Carney v Pittsburgh & Lake Erie *1086 R. R. Co. (316 F2d 277) in support of its position extending the holding in Carney to the factual situation herein, this would make the railroad an insurer for its employees whenever any employee was injured by the negligence of a third person during the scope of his employment. This was not the purpose of the statute.
While the railroad must use reasonable care to provide a safe place for its employees to work, this nondelegable duty should not be extended to the situation where a business traveler, using an expense account, is injured by the negligence of a third person that the employee himself has chosen to conduct business with, in a geographical area apart from the operational activities of the railroad.
Carney is distinguishable from the case at bar since, in Carney, the railroad chose the place where the employee was to sleep. While it is possible that in certain fact situations the railroad would be required to find lodging for employees in the furtherance of its operational activities, and in such circumstances, the owner of the lodging would be treated as the agent of the railroad for the purposes of the Federal Employers’ Liability Act, this is not such a situation (see, Leek v Baltimore & Ohio R. R. Co., 200 F Supp 368, 371, supra).
Quality International is not an agent of the Long Island Railroad. The Long Island Railroad never chose this independent contractor to perform services on behalf of its employee. In all other cases, where the courts have found that an independent contractor was an agent of the railroad for the purposes of the Federal Employers’ Liability Act, the railroad chose the entity for its employee to use. In those cases, the courts in construing the statute, imputed liability for the acts of the independent contractor under the broadly defined term of agent in 45 USC § 51.
Further, although the plaintiff herein was injured during the course of his employment, his injury was not caused by Quality International’s performance of an operational activity of the railroad, and, therefore, any alleged negligence on the part of Quality International cannot be imputed to the Long Island Railroad (Pyzynski v Pennsylvania Cent. Transp. Co., 438 F Supp 1044, supra). The railroad did not fail to use reasonable care in finding its employee, the plaintiff, a safe place to work.
While this court is loath to grant summary judgment in negligence cases, it will not permit an innocent defendant *1087 without connection to the injury to remain subject to possible liability (Andre v Pomeroy, 35 NY2d 361, supra). The defendant’s motion for summary judgment dismissing the plaintiffs action only as against the defendant, Long Island Railroad, is granted.