■ JOHN VANN, Appellant, v LONG ISLAND RAILROAD COMPANY, Respondent and Third-Party Plaintiff, et al., Defendant and Third-Party Defendant.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), dated May 15, 1986, which granted the defendant Long Island Railroad Company's motion for summary judgment dismissing the second amended complaint as against it.

Ordered that the judgment is affirmed, with one bill of costs to the defendant Long Island Railroad Company.

The plaintiff was injured when he slipped on ice in the driveway of a Quality Inn in Maryland. He was sent to Maryland by his employer, the defendant Long Island Railroad Company (hereinafter LIRR) to observe the operation of a General Motors (hereinafter GM) plant located there. Reservations at the Quality Inn were made for the plaintiff by GM personnel, who, since they were more familiar with the area,

were asked by the LIRR to make arrangements for the plaintiff's lodging. In accordance with standard practice, the plaintiff paid for his room and board at the Quality Inn and was reimbursed by the LIRR.

The plaintiff subsequently commenced this action to recover damages for the injuries he sustained as the result of his fall against the LIRR, under the Federal Employers' Liability Act (hereinafter FELA), and Quality International (hereinafter Quality), under a negligence theory. The LIRR thereafter moved for summary judgment dismissing the complaint as against it on the ground that Quality was not acting as its agent at the time the injury occurred. The Supreme Court, Suffolk County, granted the LIRR's motion and dismissed the complaint as against it. We affirm.

FELA (45 USC §§ 51-60) provides, in pertinent part, that every common carrier by railroad engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier" (45 USC § 51). As the Supreme Court noted in *Sinkler v Missouri Pac. R. R. Co.* (356 US 326, 329), FELA, "an avowed departure from the rules of the common law, cf. *Rogers* v. *Missouri Pacific R. Co.,* 352 U.S. 500, 507-509, was a response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety. *Tiller* v. *Atlantic Coast Line R. Co.,* 318 U.S. 54. The cost of human injury, an inescapable expense of railroading, must be borne by someone, and the FELA seeks to adjust that expense * * * between the worker and the carrier. *Kernan* v. *American Dredging Co.,* 355 U.S. 426, 431, 438". In keeping with the purpose behind FELA, the *Sinkler* court gave the word "agents" an "accommodating scope," and held that "when a railroad employee's injury is caused in whole or in part by the fault of others performing, under contract, operational activities of his employer, such others are 'agents' of the employer within the meaning of § 1 of FELA" *(Sinkler v Missouri Pac. R. R. Co., supra,* at 330, 331-332). The operational activities requirement imposed by the *Sinkler* court was reaffirmed in *Ward v Atlantic Coast Line R. R. Co.* (362 US 396, 397), where the court, holding that the employer could not be held liable under FELA, noted that it "was not a situation, as in *Sinkler,* in which the railroad engaged an independent contractor to

perform operational activities required to carry out the franchise".

In keeping with these pronouncements and with the purpose behind FELA, we agree with the Supreme Court, Suffolk County, that this case is factually distinguishable from *Carney v Pittsburgh & Lake Erie R. R. Co.* (316 F2d 277, *cert denied* 375 US 814). Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur. *[See,* 131 Misc 2d 1082.]