Alejandro SANCHEZ et al.,
Plaintiffs-Appellees,

v.

BOARD OF REGENTS OF TEXAS
SOUTHERN UNIVERSITY et al.,
Defendants-Appellants.

No. 80–1414.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1980.

Nathan Johnson, Theresa Ann Kraatz, Asst. Attys. Gen., Austin, Tex., for defendants-appellants.

David T. Lopez, Houston, Tex., for plaintiffs-appellees.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

GODBOLD, Circuit Judge:

■ Appellees move to dismiss this appeal on the ground that the notice of appeal was untimely under Rule 4(a), F.R.A.P., and that this court, therefore, lacks jurisdiction.[1] Final judgment was entered by the district court February 25, 1980. Appellant mailed the notice of appeal to the court and to opposing counsel March 24, 28 days after the judgment was entered. Appellee received his copy on March 26, but the copy sent to the district court did not arrive until March 28, 32 days after the entry of final judgment. Appellees moved to dismiss the appeal. Only then did the appellants move, and in this court, for relief from their untimely filing.

■ Appellants ask us to deny the motion or to remand the case to the district court for a hearing on excusable neglect, alleging that reliance on mail delivery in this case was excusable neglect entitling them to an extension of time for filing the notice of appeal. Deposit of a notice of appeal in the mail is not equivalent to filing it, and appellant's notice was therefore untimely. *Matter of Bad Bubba Racing Prods., Inc.*, 609 F.2d 815, 816 (5th Cir. 1980); *Ward v. Atlantic Coast Line RR Co.*, 265 F.2d 75, 80 (5th Cir. 1959), *rev'd on other grounds*, 362 U.S. 402, 80 S.Ct. 789, 4 L.Ed.2d 820 (1960). Nevertheless, reliance on the normal course of delivery of mail is reasonable and may be the basis for a court to excuse otherwise untimely filing. *See*

*Fallen v. U. S.*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); *cf. Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699 (4th Cir. 1976); *In re Mutual Leasing Corp.*, 424 F.2d 999 (5th Cir. 1970).

A preliminary question exists, however, concerning the time within which the untimely appellant must seek relief from the effect of his late filing.

Before amendment of F.R.A.P.Rule 4, effective August 1, 1979, the text in pertinent part provided:

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time . . . has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

There was considerable confusion about whether, when notice of appeal was filed after 30 days but within 60 days of the judgment or order appealed from (i. e., within "30 days from the time originally prescribed"), a request for extension had to be made within the second 30 days or could be made thereafter. This circuit, and others, permitted the request to be made thereafter. *See, e. g., Lashley v. Ford Motor Co.*, 518 F.2d 749 (5th Cir. 1975); *Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir. 1975); *Reed v. Michigan*, 398 F.2d 800 (6th Cir. 1968); *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966). *But see, Merrill Lynch, Pierce, Fenner & Smith v. Kurtenback*, 525 F.2d 1179 (8th Cir. 1975). In some cases no request was made until appellee moved in this court to dismiss the appeal and appellant responded by asking us to find excusable neglect or to remand to the district

---

1. We have spoken often of the notice requirement as "jurisdictional" despite the clear language in Rule 1(b) that the rules "shall not be construed to extend or limit the jurisdiction of the court of appeals as established by law." The requirement of Rule 4(a) cannot, therefore, affect the subject matter jurisdiction and is rather a mandatory precondition to the exercise of jurisdiction. *See* 9 Moore's Federal Practice ¶ 204.02[2] 4–14 (1980).

court for a hearing on excusable neglect (which is what appellant asks in this instance). *See Sanchez v. Dallas Morning News,* 543 F.2d 556, 557 (5th Cir. 1976), and cases cited therein. In effect, we treated the late-filed notice of appeal as a motion to extend the time for filing notice of appeal or to extend the time for filing a motion to extend. In *Sanchez,* 543 F.2d at 557 n. 2, we said:

> "[I]f a request for an extension is made after such time has expired, it shall be made by motion." Rule 4(a), F.R.A.P. Although the record in this case does not disclose the making of such a motion, the notice of appeal, which was filed within the extension period, permits the district court to entertain a request for an extension at a later date. *Stirling v. Chemical Bank,* 2 Cir., 1975, 511 F.2d 1030, 1032; *see* note 4 *infra; cf. Alley v. Dodge Hotel,* 1974, 163 U.S.App.D.C. 320, 501 F.2d 880, 886.

This reading was criticized as clearly contrary to the text of the old rule. C. Wright, Law of Federal Courts, § 104, at 522 n. 19 (3d ed. 1976).

The new, amended version of Rule 4(a) contains significant changes. It reads in pertinent part as follows:

> (5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).* Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given . . . in accordance with local rules. No such extension shall exceed 30 days past such prescribed time, or 10 days from the date of entry of the order granting the motion, whichever occurs later.

F.R.A.P. Rule 4(a)(5), 28 U.S.C.A. (emphasis supplied). This version explicitly addresses the time for filing a motion to extend. The older version addressed the allowable duration of an extension and the fact that an order granting an extension could be entered beyond 60 days. Arguably it implied in the last clause that a request could be made beyond 60 days.

The notes of the Advisory Committee on Rules reveal what the drafters had in mind when they specifically addressed the limits on time for filing a motion to extend.

> Under the present rule it is provided that upon a showing of excusable neglect the district court at any time may extend the time for the filing of a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by the rule, but that if the application is made after the original time has run, the order may be made only on motion with such notice as the court deems appropriate.
>
> A literal reading of this provision would require that the extension be ordered and the notice of appeal filed within the 30 day period, but despite the surface clarity of the rule, it has produced considerable confusion. See the discussion by Judge Friendly in *In re Orbitek,* 520 F.2d 358 (2d Cir. 1975). *The proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time,* and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered.

F.R.A.P. Rule 4, 28 U.S.C.A. (emphasis supplied).

The effect of the 1979 amendments to Rule 4 has not previously been considered in this circuit. Because of the confusion that existed under the old rule, and because the new rule requires us to depart from the case law gloss of the old rule that gave relief arguably beyond the face of the text, we exercise our discretion by making this decision prospective only. Our decision is applicable only to untimely notices of appeal filed within 30 days from the date of this decision.

The motion to dismiss is DENIED. The case is REMANDED to the district court for it to consider whether there was excusable neglect, and, if it finds there was, it may enter an order extending the time for filing the notice of appeal.