**Woodrow BARKSDALE, II,
Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden,
Respondent-Appellee.**

**No. 80–3782
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

June 12, 1981.

Rehearing Denied June 29, 1981.

Woodrow Barksdale, II, pro se.

Wm. J. Guste, Jr., Atty. Gen., Baton Rouge, La., J. Kevin McNary, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

A Louisiana prisoner serving an eight-year sentence in the state penitentiary at Angola for simple burglary enhanced by two prior felony convictions seeks habeas corpus. Because the notice of appeal was not timely filed, and because such filing is indispensable to our exercise of jurisdiction, we must dismiss the appeal.

The district court's order dismissing the habeas petition was filed August 8, 1980. The notice of appeal was mailed on September 5, 1980, but was not received by the district court until September 9, 1980, one

day after the end of the period for filing a notice of appeal under Fed.R.App.P. 4(a).

In the past we have permitted reliance on the normal course of mail delivery to excuse an otherwise untimely filing of notice of appeal. However, as we pointed out in *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521 (5th Cir. 1980), Fed.R.App.P. 4 was amended in 1979 and it now precludes the granting of relief from an untimely filing unless a motion to excuse the delay is itself made no later than thirty days after the expiration of the period prescribed in Rule 4(a) for filing a notice of appeal, that is, within sixty days from the date of judgment.

Under the preamendment case law, we permitted the request for relief from a tardy filing of notice of appeal to be made for the first time in this court even after the expiration of a second thirty day period following the original thirty day filing period provided by Rule 4(a). We treated the late-filed notice of appeal as a motion to extend the time for filing. In *Sanchez* the tardy filing occurred after the effective date of the amendment to Rule 4. The appellant moved this court to remand to the district court to determine whether the tardy filing resulted from excusable neglect. Relying on the preamendment jurisprudence, we there remanded to the district court for a finding on the excusable neglect issue despite the fact that the motion for relief from untimely filing was made for the first time in this court and, apparently, after the expiration of the thirty day period following the period prescribed by Rule 4(a) for filing the appeal notice. We made the *Sanchez* exception applicable only to tardy notices of appeal filed within thirty days of the date of that decision.

Barksdale's untimely notice of appeal was filed within that one month grace period created by *Sanchez*. However, Barksdale has made no motion for relief from the untimely filing of the appeal notice either in the district court or in this court. We cannot construe the district court's grant of

a certificate of probable cause for appeal, filed September 18, 1980, as an implicit finding by that court of excusable neglect in the tardy filing of the notice of appeal, for neither the question of timeliness of filing nor that of an excuse for failure to file timely was presented to the district court. Because Barksdale has not moved for relief from the untimely filing, the *Sanchez* exception is not available in this case.

Accordingly, bound by the 1979 amendment to Rule 4, Fed.R.App.P., and our interpretation of it in *Sanchez*, we DISMISS the appeal.