**James E. BROOKS, Plaintiff-Appellant**

v.

**Robert G. BRITTON, Commissioner, J. O. Davis, Warden, and Willie Johnson, Deputy Warden, Defendants-Appellees.**

No. 81–7502
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 1, 1982.

James E. Brooks, pro se.

Charlie Graddick, Atty. Gen. of Ala., Deborah Biggers, Helen P. Nelson, Larry L. Raby, Asst. Attys. Gen., Montgomery, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Judgment dismissing appellant's pro se § 1983 suit that alleged a beating while incarcerated was entered April 27, 1981. Notice of appeal was filed June 2, 1981, 37 days later. On June 9, 1981, the district court entered an order allowing appellant to appeal in forma pauperis. *See* FRAP 24(a).

The notice of appeal in a civil suit is required to be filed within 30 days of the entry of judgment. FRAP 4(a)(1). Relief from an untimely filing may be had in the district court by an extension of time upon a showing of excusable neglect or good cause. FRAP 4(a)(5). Here there was no explicit finding of excusable neglect. However, in *U. S. v. Quimby*, 636 F.2d 86, 89, (5th Cir. 1981),[1] a criminal case, the court held that the district court's ruling on a motion to appoint counsel and to allow appeal in forma pauperis constituted an implicit finding of excusable neglect for extending the time for filing a notice of appeal. *Quimby* is in apparent conflict with *Barksdale v. Blackburn*, 647 F.2d 630, 631–32, (5th Cir. 1981). In that civil habeas case the court declined to "construe the district court's grant of a certificate of probable cause for appeal [*see* FRAP 22(b)] ... as an implicit finding by that court of excusable neglect in the tardy filing of the notice of appeal."[2]

We need not resolve the tension between the precedent of *Quimby* and *Barksdale* on the issue of whether the district court's allowance of appeal in forma pauperis is an implicit finding of excusable neglect or

1. This circuit has adopted the precedents of the former Fifth Circuit handed down before the close of business September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2. We note that the full statement of *Barksdale*'s reasoning suggests a possible interpretation of *Barksdale* according to which it would not be in conflict with *Quimby*. Rather than holding that a certificate of probable cause may not serve as an implicit finding of excusable neglect, *Barksdale* might be read as reasoning only that no proper motion was made:

Barksdale has made no motion for relief from the untimely filing of the appeal notice either in the district court or in this court. We cannot construe the district court's grant of a certificate of probable cause for appeal ... as an implicit finding by that court of excusable neglect ... for neither the question of timeliness of filing nor that of an excuse for failure to file timely was presented to the district court. Because Barksdale has not moved for relief from the untimely filing, the *Sanchez* [*v. Board of Regents*, 625 F.2d 521 (5th Cir.)] exception is not available in this case.

647 F.2d at 631–32.

good cause, for appellant has failed to take the necessary procedural steps to avail himself of relief from a late-filed notice of appeal. Specifically, appellant failed to make a motion for extension of time for filing his notice of appeal. FRAP 4(a)(5) provides in pertinent part:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).* Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. *Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules.*

(Emphasis added). Before Rule 4(a)'s amendment in 1979, the requirement of a motion for extension of time was less explicit,[3] and case law "[i]n effect . . . treated the late-filed notice of appeal as [such] a motion." *Sanchez v. Board of Regents,* 625 F.2d 521, 523 (5th Cir. 1980). One of the primary purposes of the 1979 amendment was to remove the possibility of an "informal application" for extension of time. The Advisory Committee Notes explain:

> Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application. *The amendment would require that the application must be made by motion,* though the motion may be made *ex parte.*

(Emphasis added). If informal or implicit applications are not allowed prior to expiration of the time for filing the notice of appeal, *a fortiori* such applications are not allowed after expiration of the time for

filing. Moreover, the import of *Sanchez v. Board of Regents, supra,* is that the prior practice of recognizing implicit motions for extension of time is not to be followed under the amended Rule 4(a). Therefore, we must conclude that since appellant failed to properly move for an extension of time to file his notice of appeal any implicit finding of excusable neglect by the district court is ineffectual.

If this were a criminal case, the result might differ. Under FRAP 4(b), which controls notices of appeal in criminal cases, no motion is required but rather the district court may extend the time *sua sponte.*[4]

Appeal DISMISSED.

---

3. Pre-amendment Rule 4(a) read in pertinent part:

> Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party . . . . [I]f a request for an extension is made after [the] time [for filing] has expired, it shall be made by motion with such notice as the court shall deem appropriate.

4. Rule 4(b) reads in pertinent part:

> Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal . . . .