Jimmy Lee WRIGHT,
Plaintiff-Appellant,

v.

Robert A. DEYTON,
Defendant-Appellee.

No. 84–8343.

United States Court of Appeals,
Eleventh Circuit.

April 16, 1985.

Jimmy Lee Wright, pro se.

Steven M. Fincher, George E. Glaze, Jonesboro, Ga., for defendant-appellee.

Before RONEY, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

This matter is before this panel on appellee's motion to dismiss the appeal for lack of jurisdiction. Appellee contends that appellant Wright failed to comply with the filing requirements of Fed.R.App.P. 4(a)(4) and (5) in that neither his notice of appeal nor his motion to extend the time for filing a notice of appeal were timely filed. The district court concluded that even though the motion to extend time and the notice of appeal were received beyond the time limits of Fed.R.App.P. 4(a), the circumstances of this case warranted relaxation of these rules: Wright's good faith reliance on the Postal Service constituted "excusable neglect" thus permitting the court to consider Wright's out-of-time motion to extend time in which to file a notice of appeal; and Wright's misplacement of legal papers in preparing his case constituted "good cause" justifying an extension of time pursuant to the motion.

The underlying facts are as follows. On January 21, 1981, Wright, a prisoner proceeding *pro se*, brought this civil rights action based on 42 U.S.C. § 1983 against the Sheriff of Clayton County, alleging that the Sheriff deprived him of his constitutional rights. On November 24, 1982, the district court entered an order granting appellee's motion for summary judgment as to all of Wright's claims for damages and dismissed Wright's request for injunctive relief and a declaratory judgment. The judgment was entered in favor of appellee Deyton and against Wright on December 3, 1982.

To perfect an appeal under Fed.R.App.P. 4(a)(4), appellant had until January 3, 1983 to file a notice of appeal, and until February 2, 1983, under Fed.R.App.P. 4(a)(5) to file a motion to extend the time in which to file a notice of appeal. Wright wrote a letter to the court, which was sufficient to constitute a motion to extend. This letter was dated January 27, 1983, and bore a United States Postal Service postmark of January 29, 1983.[1] Had the mail followed its ordinary course, the letter would have arrived in the clerk's office in time to merit consideration as a timely motion to extend.[2] Because of a delay in mailing, however, Wright's letter was not received in the clerk's office until February 14, 1983. The district court treated the letter as both a motion to extend time and as a notice of appeal. The court acknowledged that "because of the Plaintiff's failure to comply with the time limits [of Rule 4(a)(4) and (5)], it appears that the Plaintiff is not entitled to file either the Notice of Appeal or Motion to Extend Time." Nonetheless, the district court determined that this case "raises a unique issue" because although the court did not receive Wright's letter until February 14, the letter was dated January 27—which date is within the time limits for filing a motion to extend time. The court concluded that the untimely filing of the motion must have been due to a delay in mail service over which Wright had no control. Relying on cases which have held that reliance on mail delivery may constitute "excusable neglect" entitling a party to an extension of time for the filing of a notice of appeal, the court concluded that such reliance should also per-

1. It is possible that Wright placed the letter in the prison mail on January 27, 1983, but prison procedures delayed mailing until the 29th. This possibility is of little concern here, because whether Wright posted the letter on the 27th or the 29th, the letter would have reached the court by February 2 if the mail had run its ordinary course.

2. Indeed, the appellee's attorney received a copy of the letter on February 1, 1983.

mit the court to consider an untimely filed motion for extension of time. The court then addressed the motion and concluded that "good cause" for the late filing of a notice of appeal had been demonstrated. Consequently, the court granted Wright's motion to extend time to file a notice of appeal.

The issue in this case is controlled by the Supreme Court's holding in *Fallen v. United States*, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). In *Fallen*, the appellant was a federal prisoner seeking direct appeal from his federal court conviction. Immediately after sentencing, Fallen consulted with his attorney, and the attorney informed Fallen that he would be unable to represent Fallen on appeal and that Fallen had best secure another attorney promptly to avoid forfeiture of the right to appeal. Fallen, however, was ill and was taken to a hospital the next day. At the hospital, Fallen was not permitted to have visitors and was also unable to secure another attorney. Several days later, Fallen felt well enough to write, and he wrote two letters: one asking for a new trial and another requesting that his case be appealed. The letters were then promptly mailed and would, in the normal course of events, have been received by the clerk within the 10 days provided by the rule for filing the notice of appeal. Because of either a delay in mail delivery or the mail procedure in the federal prison, however, Fallen's letters were not received until 14 days after sentencing. Since Fallen "did all he could

under the circumstances," the Supreme Court concluded that the delay in filing was not properly chargeable to him. *Id.* at 144, 84 S.Ct. at 1692. Thus, the Court directed that Fallen's appeal be heard on the merits.

Binding precedent in this circuit holds that even prisoners proceeding *pro se* cannot rely on the normal course of mail delivery to excuse an otherwise untimely filing of the notice of appeal. *Barksdale v. Blackburn*, 647 F.2d 630 (5th Cir. June 12, 1981) (former Fifth Circuit Unit A).[3] In our view, however, *Barksdale* is consistent with the Supreme Court's decision in *Fallen*.[4] *Fallen* does not create a modified "mailbox rule" for federal prisoners proceeding *pro se*. In fact, the majority in *Fallen* did not adopt a rule which would have treated the prison authorities as a clerk of the district court within the meaning of the rule, although four concurring justices would have done so. *See Fallen, supra*, 378 U.S. at 144–45, 84 S.Ct. at 1692–93 (Stewart, J., concurring). Instead, *Fallen* requires an examination of all the circumstances to see if the appellant has "done all that could reasonably be expected." *Id.* at 144, 84 S.Ct. at 1692.

■■ This inquiry should focus on two distinct periods. First, the district court should examine the pre-mailing delay to see if there is something akin to "excusable neglect" or "good cause" which excuses the delay.[5] Second, the district court should determine when the document was mailed and whether, in the ordinary course

**3.** In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**4.** *See also Sanchez v. Board of Regents*, 625 F.2d 521 (5th Cir.1980). There, the former Fifth Circuit considered the timeliness of a notice of appeal that was mailed in time to reach the court within the filing deadline, but was delayed by the mails and arrived late. The court held that under Fed.R.App.P. 4(a)(5), as it existed prior to amendment in 1979, the notice of appeal could be treated as a motion to extend time and the mailing delay could be deemed excusable neglect. The court further held prospective-

ly that the amended rule required an explicit motion to extend and that an untimely notice of appeal would not be deemed a motion to extend in future cases. The *Sanchez* panel focussed on the necessity of filing an explicit motion to extend. It did not address the *Fallen* issue, and thus, like *Barksdale*, is not inconsistent with the Supreme Court's decision in *Fallen*.

**5.** In our view, the element of justifiable pre-mailing delay is what distinguishes *Fallen* from *Barksdale*. A litigant cannot sit idly by and allow his filing deadline to approach and then argue that compliance with the deadline should be excused since his letter was posted in sufficient time to meet the deadline if the mail had followed its ordinary course.

of events, the clerk would have received the letter by the applicable filing deadline.[6]

This application of *Fallen* is consistent with those cases holding that when an appellant mails his notice of appeal to the district court, and it is received before the filing deadline but not filed until the deadline expires, the notice is timely even though filing and not receipt is required under the literal terms of Fed.R.App.P. 4. *See Stevens v. Heard,* 674 F.2d 320 (5th Cir.1982); *Deloney v. Estelle,* 661 F.2d 1061 (5th Cir. Nov. 20, 1981); *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir.1980) ("Because an appellant has no control over delays between receipt and filing, a notice is timely filed if received by the district court within the applicable period specified in Rule 4"). The court in *Stevens* justified this rule, stating that the "appellate rules were not intended to provide pitfalls for the unwary." 674 F.2d at 322.

Similarly, the Advisory Committee Notes to Appellate Rules 3 and 4, citing *Fallen* as an illustration, advise that we should interpret the rules in accord with those cases dispensing "with literal compliance in cases in which it cannot fairly be exacted." In the instant case, appellant Wright sought legal assistance from someone at the University of Indiana School of Law. Wright's legal papers were, however, misplaced. Although the district court held that the misplacement of legal papers constituted "good cause" for extending the time for appeal under Fed.R. App.P. 4(a)(5), the district court did not make the analysis provided for in *Fallen, e.g.,* it did not determine when Wright finally received his papers from the individual at the University of Indiana who was assisting him, nor whether under all the circumstances appellant has done "all that could reasonably be expected." As noted above,[7] such an analysis must be made to determine whether the pre-mailing delay can justifiably be excused. We remand to the district court for further proceedings pursuant to *Fallen* and this opinion.

For the above-stated reasons, this appeal is

REMANDED.

vincing showing of justifiable pre-mailing delay should be entitled to relief.

---

**6.** We express no view as to whether a litigant who fails to post his letter in sufficient time for it to reach the clerk in the ordinary course of the mail, but who nonetheless presents a con-

