No. A-CV-18-86

# Supreme Court of the Navajo Nation

In the Matter of Adoption of:
Baby Boy Doe, a Minor,
No. TC-CV-44-85.
Decided April 3, 1987

## OPINION

*Before Tso, Chief Justice, Bluehouse and Austin, Associate Justices.*

*Joe W. Washington, Esq., and Larry Kee Yazzie, Esq., Tuba City, Arizona for the Appellants; Thomas Scott Groene, Esq., and Timothy Joe, Esq., DNA-People's Legal Services, Inc., Mexican Hat, Utah for the Appellee.*

*Opinion delivered by Tso, Chief Justice.*

Appellants have moved the Supreme Court to reconsider its Order, dated August 12, 1986, dismissing appellants' notice of appeal and denying the request for appeal. The Supreme Court's Order was based on the following grounds:

1. The Appeal was untimely.
2. A copy of the final judgment was not attached to the notice of appeal.
3. Appellants failed to pay the required filing fee.
4. Appellants failed to file a supporting brief.
5. Appellants requested a Trial De Novo, which has been abolished by the Judicial Reform Act of 1985.
6. Appellants' notice of appeal is improper in all respects.

On June 6, 1986, the Tuba City District Children's Court entered its final custody decree returning the minor child to the appellee.

On July 3, 1986, appellants deposited in the U.S. Postal Mail, at the Tuba City Post Office by certified mail, return receipt requested, a notice of appeal together with a final decree of the Children's Court, supporting brief, and a ten dollar check for filing fee.

It appears the package reached the Window Rock Post Office sometime on July 7, 1986, the last day for filing the notice of appeal.

The Post Office did not inform the Clerk of the Supreme Court that a certified mail item had arrived and was ready to be picked up.

The package was returned to the Law Office of Larry Kee Yazzie around August 5, 1986, indicating it was unclaimed by the Supreme Court Clerk.

On July 23, 1986, upon notice that appellants's original notice of appeal had not reached the Navajo Nation Supreme Court, appellants refiled their notice of appeal.

On August 12, 1986, the Supreme Court dismissed the appellants' notice of appeal and denied their request for appeal for failure to comply with the appropriate rule that requires a notice of appeal to be filed within thirty days of entry of the order or judgment being appealed.

Appellants contend that the notice of appeal was properly and timely filed with the Navajo Nation Supreme Court, when it was properly deposited in the U.S. mail at Tuba City Post Office on July 3, 1986.

The underlying issue is whether an appeal is considered properly and timely filed by the act of mailing the notice of appeal within the time for appeal, but which is received or filed with the Clerk of the Navajo Nation Supreme Court after the time for filing the notice has expired.

The method of originating an appeal in all cases where the appeal is permitted by law is found at Rule 2, *Navajo Rules of Appellate Procedure* (1978 ed.).

a) All appeals shall originate by filing a Notice of Appeal with the Clerk of the Court of Appeals in writing, including with it a brief explaining the grounds for the appeal. A certified copy of the judgment or order being appealed, signed by the judge and dated, must be attached to the Notice of Appeal and a ten dollar filing fee must be paid at the time of filing.

b) The Clerk shall not accept any appeal for filing and no appeal shall be considered filed until the fee has been paid and a copy of the final judgment has been attached.

c) The Notice of Appeal, the brief, the fee and the copy of the final judgment shall be filed with the Clerk within thirty calendar days of the date the final judgment or order being appealed was entered in the record by the District Court. No extension of time within which to file the appeal shall be granted, and no appeal filed after the expiration of the thirty day period shall be allowed.

d) When the Notice of Appeal has been prepared, the appellant shall file a copy of the Notice of Appeal with the District Court and shall have this copy dated by the clerk. The District Court shall be notified of the appeal in the above manner no later than the same day the Notice of Appeal is filed with the Court of Appeals.

Rule 2(a) and (c) prescribe the filing of a notice of appeal with the Clerk of the Supreme Court as the exclusive method of originating an appeal.

The logical implications of the language of these sections is that failure to file a timely notice of appeal with the Clerk of the Supreme Court affects the validity of an appeal.

To file an instrument, it simply must be delivered to the clerk at the office where it is required to be filed; delivery to the clerk at any other place, even though he endorses it "filed" is not sufficient. 15A Am Jur 2d, *Clerks of Court,* §23.

Another inference of Rule 2 is that the notice of appeal is considered filed with the clerk when it is received into her custody or control with all fees paid. Since timely filing of the notice of appeal is held to be essential to the jurisdiction of the Supreme Court, the precise time that the notice is filed is of essence. The most certain way of effecting timely filing is to deliver the notice to the office of the clerk personally on or before the date for filing.

The failure to file a notice of appeal within the time limits specified by statute is a jurisdictional defect and requires a dismissal by the Court. *Window Rock Mall, Ltd. v. Day,* 3 Nav. R. 58 (1981); *Sorrell v. Navajo Nation,* 3 Nav. R. 23 (1980).

Since personal delivery is often inconvenient and expensive, mailing is very frequently resorted to. When filing an appeal is to be effected by mail, it must be borne in mind that the notice must be received by the clerk within the time allowed for filing.

Uncontrollable delay in the mail has generally been held to warrant extension of the time for appeal. It remains however, that if a notice of appeal is to be mailed, ample time for delivery should be allowed. Neglect to place it in the mail early enough so that in the normal course it could be expected to reach the clerk within the time for appeal would not be excusable neglect. Further, the appellant who mails the notice of appeal should take steps to make sure that it is delivered in time. The notice is deemed filed when it is delivered into the custody or control of the clerk.

The controlling date, in respect to perfecting an appeal, is that on which the appeal is filed, rather than that on which it is mailed. *Matter of Bad Bubba Racing Products, Inc.,* 609 F. 2d 815 (1980).

A litigant cannot sit idly by and allow his appellate filing deadline to approach and then argue that compliance with deadlines should be excused, since his letter was posted in sufficient time to meet the deadline if mail had followed its ordinary course. *Wright v. Deyton,* 757 F. 2d 1253 (1985).

Deposit of a notice of appeal in the mail is not equivalent to filing the notice of appeal for purposes of the rule governing time within which the notice of appeal must be filed. *Sanchez v. Board of Regents of Texas Southern University,* 625 F. 2d 521 (1980).

We therefore hold that an appeal is not considered filed until it is

received into the custody and control of the Clerk of the Supreme Court, at the place of business, with all necessary documents stamped by and fees paid to the Clerk. If documents are mailed to the Clerk, they must be received on or before the expiration of the specified time. The controlling date is the date on which it is filed, and not on which it was mailed.

Therefore the appellants's request for Reconsideration is denied and this Court's Order dated August 12, 1986 is reaffirmed.

Austin, Associate Justice Dissenting.

It should be noted that the order dismissing the appeal in this case was entered several months prior to our decisions in *The Navajo Tribe of Indians v. Yellowhorse, Inc., et al,* 5 Nav. R. 133 (1987) and *Riverview Service Station v. Eddie,* 5 Nav. R. 135 (1987). In these latter decisions, we held that the 30 days requirement must be strictly complied with, because the Court desired uniformity under the new Rules of Civil Appellate Procedure.

This case was decided under the old Rules of Appellate Procedure, which has since been superceded by new civil appellate rules. Therefore, my dissent is limited to this case.

I believe that the appeal should have been considered timely in this case, because the blame for the Clerk failing to receive the notice of appeal lies entirely with the U.S. Postal System. The package containing the notice of appeal and all required items was sitting at the post office on the date the appeal time expired, but because of the failure of postal workers to insert notice into the Court's post office box, the package was not picked up by the Clerk. In a case, such as here, where blame does not lie with the Appellant or the court, then I believe dismissing the appeal on failure to comply with a time deadline is a harsh penalty. For these reasons I dissent in this case.