[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-12862

Non-Argument Calendar

————————————————

ANGELO BERNARD BANKS,

Plaintiff-Appellant,

*versus*

WARDEN, et al.,

Defendants,

DOCTOR EDWARD AIKENS,
NURSE MARY HUGHES-TERRY,
MARTEKA CHITTY,
former officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:19-cv-00010-CDL-MSH

_____

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Angelo Banks, proceeding *pro se*, sued several former employees of Rutledge State Prison (the "prison"), claiming that the employees' conduct surrounding his medical care and an inmate attack violated his Eighth Amendment rights. On appeal, Banks challenges the district court's discovery and recusal orders, as well as its grant of summary judgment in favor of defendants-appellees. Banks also challenges the failure of the district court to enter a default judgment against one defendant in his favor. After review, we affirm.

## I.    FACTUAL BACKGROUND

In a second amended complaint, Banks raised two claims under 42 U.S.C. § 1983 relevant to this appeal. First, Banks claimed that two prison medical employees—Dr. Edward Aikens and nurse Mary Hughes-Terry—were deliberately indifferent to his serious medical needs in treating his gastrointestinal disorders. Second,

Banks claimed that prison guard Marteka Chitty violated his Eighth Amendment rights by coordinating an inmate attack on Banks in 2017. Banks also raised claims against several other prison employees, including Tiffany Price, but these claims were dismissed after a preliminary screening under 28 U.S.C. §§ 1915(e), 1915A(a).

## A. Motion to Amend and Request for Clerk's Entry of Default

Defendants Dr. Aikens and Hughes-Terry answered Banks's second amended complaint, and defendant Chitty filed a motion to dismiss. Banks then filed a motion to amend his second amended complaint to add Chitty's first name and to add a claim for compensatory damages.

The magistrate judge issued an order and report ("the first report") (1) granting Banks's motion to amend as to defendants Dr. Aikens, Hughes-Terry, and Chitty and incorporating his proposed amendments into the second amended complaint; (2) recommending that defendant Chitty's motion to dismiss should be denied in part; and (3) recommending that all defendants should be relieved of the requirement to answer the newly "incorporated" second amended complaint under Federal Rule of Civil Procedure 15(a)(3).[1] Banks did not object to the first report, which the district court adopted.

---

[1] For clarity, throughout this opinion, we refer to the "incorporated" second amended complaint as simply the second amended complaint.

Subsequently, Banks filed an application for a clerk's entry of default against the defendants and a motion to stay discovery pending his request for entry of default. In support of his request for a clerk's entry of default, Banks asserted that Chitty failed to answer the second amended complaint.

Without ruling on Banks's request for a clerk's entry of default, the magistrate judge denied Banks's motion to stay discovery. In its order, the magistrate judge noted that (1) it had relieved the defendants of the requirement to answer the second amended complaint, (2) its order failed to clarify, however, that Chitty had not yet filed an answer, and (3) that Chitty needed to do so. The magistrate judge thus ordered defendant Chitty to file an answer within 21 days, which Chitty did. After the magistrate judge's order, the clerk declined to enter default.

Banks filed objections to the magistrate judge's order. Banks also objected to (1) the denial of his motion to stay discovery, (2) the clerk's failure to enter default under Federal Rule of Civil Procedure 55, and (3) the "ongoing acts of bias and personal prejudices by this clerk of court."

At this time, the district court did not address Banks's objections.

### B. Period from 2/28/2020 to 10/30/2020

Although the magistrate judge initially provided 90 days for discovery, the discovery period ultimately ran for 8 months from February 28, 2020 until October 30, 2020.

In May 2020, Banks submitted a discovery request for, among others, documents related to defendants' mistreatment of other inmates. In June 2020, Banks also submitted interrogatories regarding the defendants' and other prison staff members' duties, and prison procedures regarding inmate assaults and inmate medical care.

On September 7, 2020, Banks filed a motion to compel, arguing that the defendants failed to timely respond at all to his discovery requests. Although the defendants had not yet formally responded, Banks noted that the defendants objected to the production of documents related to defendants' mistreatment of inmates. Banks sought to compel the production of only this category of documents, which he argued was relevant.

On October 15, 2020, defendants responded to Banks's discovery requests. In response to Banks's motion to compel, defendants stated that their untimely response was due to the COVID-19 pandemic and other delays in obtaining the requested information. Defendants also objected to Banks's request for documents relating to defendants' mistreatment of inmates as overbroad and irrelevant and asked the court to deny the motion to compel.

On October 28, 2020, the magistrate judge granted in part Banks's September 7 motion to compel. The magistrate judge determined that Banks's motion to compel sought relevant documents, specifically documents related to defendants' mistreatment of inmates. Because the defendants' responses were

untimely, the magistrate judge determined that defendants waived their objection to the production of documents related to the mistreatment of inmates. The magistrate judge ordered defendants to produce within 21 days (1) documents relating to inmate complaints against defendant Chitty for failing to protect inmates or encouraging inmate-on-inmate attacks; and (2) non-privileged documents relating to inmate complaints against defendants Dr. Aikens and Hughes-Terry for deliberate indifference to serious medical needs.

Also on October 28, 2020, the defendants took Banks's deposition. Among other things, Banks noted that he had received at least some of the defendants' discovery responses submitted on October 15, 2020.

Discovery closed on October 30, 2020. Banks did not request an extension of discovery.

### C. November 25, 2020 Motion for Sanctions

On November 25, 2020, after the close of discovery, Banks filed a motion for discovery sanctions, asserting that defendants failed to produce timely the documents subject to the magistrate judge's compulsion order. Banks did not seek to reopen discovery.

Defendants responded that they mailed their discovery responses to Banks within 21 days of the magistrate judge's order. Defendants also noted that they responded to another request for documents and interrogatories that Banks submitted on November 3, 2020, after discovery closed.

The magistrate judge denied Banks's motion, finding that defendants timely complied with the October 28, 2020 order compelling production of certain documents related to the defendants' mistreatment of inmates.

**D. Summary Judgment and Further Discovery Disputes**

On December 30, 2020, the defendants filed a motion for summary judgment.

On January 11, 2021, Banks sought leave to file a third amended complaint to add three more defendants who were prison employees: (1) Tiffany Price, who was dismissed after a preliminary screening of the second amended complaint; (2) James Herron; and (3) Steven Lopes. Although Banks sought to add three defendants to the case, his motion for leave to amend did not seek to reopen the discovery period.

On February 23, 2021, Banks filed a motion to reopen discovery pursuant to Federal Rule of Civil Procedure 56(d), asserting that he did not receive defendants' responses to the October 28, 2020 order until January 2021. Banks argued that defendants intentionally sent those responses to his prior prison address, which delayed his receipt of the documents.[2] Banks also listed numerous topics on which he hoped to seek further discovery, including discovery related to the three defendants he sought to add in his proposed third amended complaint.

---

[2] Banks filed a notice of change of address with the court in August 2020.

The defendants responded that they inadvertently overlooked Banks's notice of change of address, but they confirmed with the prison that Banks's mail would have been automatically forwarded to his new prison address. Defendants also argued that Banks sought to reopen discovery to seek information relating to the three defendants he added in his proposed third amended complaint, and that Banks could have sought this information prior to the close of discovery.

The magistrate judge denied Banks's motion for leave to amend to file a third amended complaint based on undue delay and futility. The magistrate judge reasoned that Banks (1) filed his motion to amend after the close of discovery and after defendants' summary judgment motion; (2) sought to add two new defendants, Lopes and Herron, even though his action was pending for two years; and (3) sought to raise a new claim against Price, who was dismissed from the action seventeen months prior. The magistrate judge noted that Banks delayed in seeking to add these three new parties, even though his deposition testimony and allegations in his second amended complaint referred to these parties or their conduct underlying his now-proposed claims against them. Regarding futility, the magistrate judge determined, among other things, that the proposed claims against Price, Lopes, and Herron were based on the January 2017 inmate assault on Banks and would be barred under the applicable statute of limitations.

As to Banks's motion to reopen discovery, the magistrate judge found that defendants' failure to notice Banks's change of

prison address, while "careless and unfocused," was not intentional misconduct. The magistrate judge also determined that reopening discovery was unwarranted because (1) Banks testified at his October 28, 2020 deposition that he received defendants' responses to his initial discovery requests; (2) Banks's subsequent motion to compel sought only documents related to defendants' mistreatment of inmates, which the court ordered produced; (3) Banks's November 25, 2020 motion for sanctions raised only defendants' failure to produce timely those documents and did not seek to extend or reopen discovery; (4) Banks confirmed that he received the documents subject to the October 28, 2020 order in January 2021; (5) defendants responded to additional discovery requests made by Banks after discovery closed; and (6) Banks indicated in his motion to reopen that he wished to pursue lines of discovery that he did not raise in his previous motions to compel and for sanctions. The magistrate judge denied Banks's motion to reopen discovery but gave Banks 21 days to respond to the defendants' summary judgment motion. That 21-day period ended on April 26, 2021.

Instead of filing a summary judgment response, Banks on April 13, 2021 filed (1) a motion to recuse the magistrate judge; (2) a motion to set aside the denial of his motion to reopen discovery; and (3) a motion to stay a summary judgment ruling pending his motion to set aside the discovery ruling. Regarding discovery, Banks asserted that (1) he had not received any of defendants' discovery responses until January 2021, and (2) the defendants intentionally sent their discovery responses to the wrong address.

Regarding recusal, Banks asserted that the magistrate judge's bias against him was evidenced by its failure to hold the defendants accountable for their intentional misconduct.

On May 24, 2021, the magistrate judge issued an order and report ("the second report") (1) recommending that the defendants' motion for summary judgment should be granted, and (2) denying Banks's motions to set aside its prior discovery ruling, to recuse, and to stay summary judgment. Regarding Banks's motion to recuse, the magistrate judge found that Banks's assertions of bias arose entirely from adverse rulings in the instant case, which did not warrant recusal.

As to Banks's motion to set aside its discovery rulings, the magistrate judge found that Banks largely restated arguments from his earlier discovery motions and that he suggested—for the first time and contrary to his October 28, 2020 deposition testimony—that he failed to receive any discovery responses until January 2021. The magistrate judge also concluded that, despite the defendants' mailing error, Banks received defendants' discovery responses prior to the deadline for filing dispositive motions but waited until after the defendants' summary judgment motion to seek an extension of discovery.

Although Banks failed to respond to the defendants' summary judgment motion, the magistrate judge reviewed the record, determined there were no genuine disputes of material fact, and recommended summary judgment be granted in favor of the defendants. The magistrate judge found that Banks's claim

21-12862              Opinion of the Court                    11

against defendant Dr. Aikens relied solely on Dr. Aikens's failure to follow the recommendations of Banks's prior prison doctor. The magistrate judge concluded that this difference in medical opinion was insufficient to support Banks's deliberate indifference claim. The magistrate judge also noted record evidence that Dr. Aikens treated Banks's stomach condition by prescribing medication shortly after Banks's arrival at the prison and that Banks later refused to cooperate with Dr. Aikens's efforts to examine Banks and to have Banks referred to a specialist.

Next, the magistrate judge found that Banks's claim against defendant nurse Hughes-Terry relied on his assertions that she (1) refused to give him unprescribed medication and (2) would not allow him to see Dr. Aikens to get new medication prescribed. However, the magistrate judge concluded that it was undisputed (1) that Hughes-Terry, as a nurse, could not prescribe medication herself or issue unprescribed medication, and (2) that Hughes-Terry had not deprived Banks of access to Dr. Aikens. Instead, the magistrate judge pointed out that Banks admitted at his deposition that Hughes-Terry told him to request a sick call to see Dr. Aikens to have new medication prescribed.

The magistrate judge then construed Banks's claim against defendant Chitty as proceeding under a failure-to-protect and an excessive-use-of-force theory, but it determined that both theories failed. As to Banks's failure-to-protect theory, the magistrate judge found there was no evidence that Chitty subjectively knew of any risk to Banks posed by the inmates involved in the attack. The

magistrate judge stated that Banks's excessive-use-of-force theory failed because Banks relied on only speculation that Chitty encouraged the inmates to attack Banks. The magistrate judge noted that Banks testified at his deposition that Chitty called one of the inmates to her office prior to the attack. However, Banks testified at his deposition that he did not know what Chitty and the inmate spoke about.

Banks filed objections to the magistrate judge's second report. Among other things, Banks renewed the arguments in his discovery and recusal motions, and he asserted that the magistrate judge lacked the authority to consider those motions.

The district court adopted the second report, affirmed the magistrate judge's denial of Banks's motions, and entered summary judgment in favor of the defendants. The district court considered Banks's objections to the second report but found that his objections lacked merit. Specifically, the district court concluded that the magistrate judge had authority to determine Banks's discovery motions under 28 U.S.C. § 636(b)(1)(A), and that the magistrate judge's rulings on those motions were not clearly erroneous or contrary to law. Banks timely appealed.

## II.   ENTRY OF DEFAULT JUDGMENT

On appeal, Banks argues the district court should have entered a default judgment in his favor.

We review for an abuse of discretion the denial of a motion for default judgment. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). To obtain a default judgment,

21-12862                Opinion of the Court                13

a party must first apply to the clerk of the court for an entry of default. Fed. R. Civ. P. 55(b)(1). The clerk must enter default if the party against whom relief is sought failed to plead or otherwise defend against suit and this failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). Second, if a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

As to default judgment, Banks argues that the district court abused its discretion by denying his motion for default judgment. Banks contends defendant Chitty did not timely respond to the second amended complaint and the district court improperly denied his motion based on "its familiarity with the credability [sic] of the material allegations."

But Banks never filed—and the district court never ruled on—a motion for default judgment.[3] Instead, Banks filed a request for a clerk's entry of default under Rule 55(a), which was never entered. The magistrate judge noted, but did not rule on, Banks's request for a clerk's entry of default when it denied his contemporaneously filed motion to stay discovery pending his

---

[3] In their response brief, the defendants interpret Banks's argument as referring to his motion for sanctions, which referenced, but did not request, default judgment. Instead, Banks's motion for sanctions requested that certain, unspecified facts "be deemed admitted and established as evidence." Banks appears to confirm that the defendants misinterpret his argument, stating in his reply brief that the defendants' "brief clearly and convincingly seeks to 'mislead' this Court's review of the issue of default judgment."]

request for a clerk's entry of default. And while Banks filed an objection to the clerk's failure to enter default, the district court never ruled on that objection. Unsurprisingly, we may not review non-existent orders or judgments of the district court. *Cf. Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) (holding that a notice of appeal must designate an existing order or judgment).

Alternatively, we liberally construe Banks's brief as arguing that he was entitled to a default judgment, and thus the district court erred by entering summary judgment in favor of the defendants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating we must liberally construe *pro se* briefs). But that argument fairs no better. Banks was not entitled to a default judgment because Chitty timely responded to the second amended complaint. We explain why.

After incorporating Banks's amendments to the second amended complaint, the magistrate judge relieved the defendants of the requirement to answer the newly "incorporated" second amended complaint. Banks did not object to or appeal this ruling to the district court. Later, the magistrate judge clarified that, unlike Dr. Aikens and Hughes-Terry, defendant Chitty had not filed an answer to the second amended complaint. Instead, Chitty filed a motion to dismiss, which was denied in part. The magistrate judge, therefore, ordered Chitty to answer the second amended complaint within 21 days, which Chitty did. Under Federal Rule of Civil Procedure 15(a)(3), a court may prescribe a different

timeframe for answering an amended complaint. Fed. R. Civ. P. 15(a)(3). Because Chitty answered the second amended complaint within the 21 days prescribed by the court, her answer was timely and a default judgment in favor of Banks was unwarranted. *See id.*; Fed. R. Civ. P. 55.

### III.    SUMMARY JUDGMENT

Banks also appeals the grant of summary judgment in favor of the defendants.

We review *de novo* a district court's entry of summary judgment. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). An appellant abandons an issue on appeal by making only passing references to it or by raising it in a perfunctory manner without supporting arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *Timson*, 518 F.3d at 874 (stating issues not briefed by *pro se* appellants are deemed abandoned).

First, Banks generally asserts that the district court improperly resolved genuinely disputed material facts in granting summary judgment. However, Banks fails to identify any such factual disputes. Banks had the responsibility, both in the district court and on appeal, to sift through the record and highlight the disputed material facts that precluded summary judgment on his claims. *See Coleman v. Hillsborough Cnty.*, 41 F.4th 1319, 1328 (11th Cir. 2022) ("Apparently, he would like for us to dig through the record in an effort to turn up facts that might make his case for him. But that is his job, not ours."); *Serendipity at Sea, LLC v. Underwriters*

*at Lloyd's of London Subscribing to Pol'y No. 187581*, 56 F.4th 1280, 1287 (11th Cir. 2023) ("[W]e will not require the district court to undertake the proverbial hunt for the Red October submarine in the Atlantic Ocean in order to find a disputed issue of fact in the summary judgment record." (footnote omitted)).

Although we liberally construe *pro se* filings, we cannot act as de facto counsel or rewrite an otherwise deficient filing to sustain an action. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Even liberally construed, though, Banks's brief contains nothing more than a recitation of the summary judgment standard under Rule 56(a)—and fails to identify the disputed material facts that preclude summary judgment. *See* Fed. R. Civ. P. 56(c) (stating a party asserting that a fact is genuinely disputed must support this assertion by "citing to particular parts of materials in the record"). "[A] pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). As a result, Banks has abandoned this summary judgment issue. *See Sapuppo*, 739 F.3d at 681; *Timson*, 518 F.3d at 874.[4]

---

[4] To be clear, and as the magistrate judge correctly noted, Banks's failure to respond to defendants' summary judgment motion did not itself warrant summary judgment against him. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Mia., Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (stating courts "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the

We recognize that Banks argues that the district court erred by also characterizing his sworn affidavits and declarations as "unsupported allegations." (Quotation marks omitted.) Although Banks appears to quote the magistrate judge's or district court's use of the words "unsupported allegations," the second report and the district court's order adopting that report never used those words. Regardless, in the second report, which the district court adopted, the magistrate judge properly gave evidentiary weight to Banks's deposition testimony and allegations in his sworn complaint, and it assumed for the purposes of summary judgment that Banks's version of events was true. *See Marbury v. Warden*, 936 F.3d 1227, 1232 (11th Cir. 2019) (noting facts alleged in a sworn complaint constitute evidence at the summary judgment stage).[5] Banks has not shown any failure to consider his affidavits, declarations, and allegations.

Accordingly, we affirm the district court's summary judgment.

## IV.    DISCOVERY

Banks also appeals the various discovery rulings. Banks objected to the magistrate judge's discovery rulings. The district

---

motion"). Instead, the magistrate judge and district court based summary judgment on the merits of defendants' motion.

[5] We note that Banks's original second amended complaint was not sworn. But Banks's subsequent amendments to the second amended complaint were sworn. Because the magistrate judge incorporated these two pleadings, we treat them as both sworn for purposes of this appeal.

court overruled Banks's objections and adopted the magistrate judge's rulings.

We review for an abuse of discretion a district court's discovery decisions. *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1105 (11th Cir. 2015). The district court enjoys broad discretion in determining the scope and effect of discovery. *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991). We must affirm under the abuse of discretion standard unless we determine that the district court made a clear error in judgment, even if we would have decided the issue differently had it been our choice. *See In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994); *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021).

On appeal, Banks argues that he did not have an adequate opportunity to conduct discovery prior to the entry of summary judgment.

Before entering summary judgment, the district court must ensure that the parties had an adequate opportunity for discovery. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990). After careful review of the record, we conclude that Banks had an adequate opportunity to conduct discovery before the entry of summary judgment.

The discovery period in this case extended from February 28, 2020 to October 30, 2020. Banks filed his initial discovery requests in May and June 2020, but defendants failed to timely respond. Even though Banks was aware that his discovery requests were outstanding, defendants' responses were late, and discovery

was set to close at the end of October 2020, Banks did not seek an extension of discovery.

Instead, in September 2020, Banks filed a motion to compel the production of a single category of documents from his initial requests related to inmate mistreatment by the defendants, which the magistrate judge granted in part on October 28, 2020.  Also on October 28, 2020, Banks was deposed and confirmed that he had already received at least some of defendants' responses. Presumably though, Banks had not yet received the documents subject to the magistrate judge's October 28, 2020 discovery order, as that order was entered on the same day as his deposition.

On November 25, 2020, Banks filed a motion for sanctions for defendants' failure to comply with the October 28, 2020 order. Banks, however, did not seek to extend or reopen the discovery period that had expired on October 30, 2020.  Due to defendants' careless mailing error, Banks did not receive certain documents subject to the October 28, 2020 order until January 2021.  In the meantime, defendants responded to additional discovery requests Banks made after discovery had closed, defendants filed their motion for summary judgment, and the district court granted Banks an extension to respond to the summary judgment motion, giving him until February 26, 2021 to respond.

Yet, it was not until February 23, 2021, three days before his summary judgment response was due, that Banks sought to reopen discovery.  The magistrate judge denied Banks's motion after noting that Banks confirmed he received defendants' discovery

responses and delayed in seeking additional discovery. The magistrate judge denied Banks's February 23, 2021 motion to reopen discovery but again extended the time for Banks to respond to summary judgment to April 26, 2021.

Instead of responding to defendants' summary judgment motion, Banks filed his April 13, 2021 motion to set aside the magistrate judge's denial of his motion to reopen discovery. Banks also on April 13, 2021 asserted for the first time—and contrary to his October 28, 2020 deposition testimony—that he did not receive *any* of defendants' discovery responses until January 2021. This new assertion was directly at odds with Banks's deposition testimony that confirmed he received some discovery prior to his October 28, 2020 deposition. After noting Banks's inconsistencies regarding when he received defendants' responses, the magistrate judge declined to reopen discovery and proceeded to analyze defendants' summary judgment motion.

Based on these facts, we cannot say the district court abused its discretion in denying Banks's motion to reopen discovery. Prior to the entry of summary judgment, Banks received defendants' responses to his initial discovery requests, the October 28, 2020 order, and his out-of-time discovery requests. While defendants' responses to Banks's initial requests and to the October 28, 2020 order were late, Banks was aware of the October 30, 2020 discovery deadline and that defendants' responses were outstanding, but he did not timely seek to extend or reopen discovery. Further, Banks confirmed that he received the defendants' responses by January

21-12862               Opinion of the Court                    21

28, 2021, but he waited until February 23, 2021 to seek to reopen discovery. "Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002); *see also Brooks v. Britton*, 669 F.2d 665, 666-67 (11th Cir. 1982) (dismissing *pro se* litigant's appeal where he failed to timely move for an extension of time to file his notice of appeal).

Given the extent of discovery Banks was able to conduct, his receipt of defendants' January 28 responses prior to the entry of summary judgment, and his failure to timely seek an extension or reopening of discovery, we conclude the district court did not abuse its discretion by denying his motion to reopen discovery.

## V.     RECUSAL

Banks also appeals the denial of his motions to recuse.

We review for an abuse of discretion the denial of a motion to recuse. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1319-20 (11th Cir. 2002). A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) imposes a self-enforcing obligation on judges to recuse where the proper legal grounds exist. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). A motion for recusal must show that the judge's purported bias is personal rather than judicial in nature. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "[E]xcept where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Id.*

At several points throughout the district court proceedings, Banks sought the "release" or recusal of the magistrate judge, asserting that the magistrate judge was biased against him, issued unfavorable rulings, and mischaracterized evidence. Each motion was denied.

Here, Banks argues again that both the magistrate judge and the district court demonstrated "extra judicial bias," which warranted recusal. Banks argues this bias is evidenced by the judges' mischaracterization of his allegations and their unequal treatment of the parties. Banks also argues that the judges improperly limited his claim against Chitty to only a failure-to-protect theory.

Sufficiently put, however, the bases for recusal on which Banks relies are all judicial in nature and relate to the judges' rulings in this case. *See Story*, 225 F.3d at 1239. These acts do not establish pervasive bias and are insufficient to warrant recusal. *See id.* Additionally, it is clear from the second report, which the district court adopted, that the magistrate judge did not limit Banks's claim against Chitty. Instead, the magistrate judge liberally construed Banks's allegations against Chitty as raising both a failure-to-protect theory and an excessive-force theory. The magistrate judge analyzed Banks's claim under both theories, concluding both failed. Accordingly, the magistrate judge and district court did not abuse their discretion in declining to recuse.

## VI.    CONCLUSION

For the above reasons, we affirm the district court's grant of summary judgment, its denial of Banks's discovery motions, and its denial of Banks's motions to recuse.[6]

**AFFIRMED.**

---

[6] We deny Banks's motion to file a supplemental brief, which seeks to raise, for the first time on appeal, the dismissal of his claims against defendant Leticia Bell-Burks.  Absent certain exceptions not relevant here, an appellant who does not raise an issue in his opening brief may not do so in a supplemental brief.  *See Miccosukee Tribe of Indians of Fla. v. Cypress*, 814 F.3d 1202, 1210-11 (11th Cir. 2015) (stating an appellant may raise a new argument in a supplemental brief when an intervening Supreme Court opinion overrules existing precedent).