**Chilton G. THOMAS, Plaintiff,**

v.

**FORT MYERS HOUSING AUTHORITY, Defendant.**

**No. 95–332–CIV–FTM–17D.**

United States District Court, M.D. Florida, Fort Myers Division.

Feb. 21, 1997.

John Dawson Mills, Law Office of John D. Mills, Ft. Myers, FL, for plaintiff.

John F. Potanovic, Jr., Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, for defendant.

KOVACHEVICH, Chief Judge.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant's Motion For Summary Judgment in favor of Defendant, Fort Myers Housing Authority, (Docket Nos. 8–17 and 19) and Plaintiff's response thereto (Docket No. 18).

### BACKGROUND

Plaintiff, Chilton G. Thomas ("Thomas"), brings this action against Defendant, Fort Myers Housing Authority ("FMNA"), pursuant to § 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117. The complaint alleges that FMNA failed to make reasonable accommodations for the Plaintiff's disability and violated § 102(b)(5)(A) when the Defendant terminated the Plaintiff's employment.

FNMA hired Thomas on October 20, 1988, as an inventory storeroom keeper.

(Compl. ¶¶ 9–10, Docket 1 at 2.) On September 14, 1989, Thomas injured his back on the job trying to unload a refrigerator from a truck. *Id.* at ¶ 11. Thomas's physician stated he could return to work on September 18, 1993, on a light duty status. *Id.* at ¶ 12. FHMA allowed the Plaintiff to return on a light duty status. *Id.* at ¶ 13. FHMA discharged Thomas on April 1, 1993. *Id.* at ¶ 9. Thomas alleges that FHMA failed to provide reasonable accommodations, because the Defendant did not place Thomas on continual, permanent light duty work status, thus violating § 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A). *Id.* at ¶¶ 14–17.

The Plaintiff, Thomas, filed an employment discrimination claim with the Equal Employment Opportunity Commission within 180 days of the purported violation. (Compl. ¶ 2(a), Docket 1 at 1.) On August 28, 1995, Thomas received the Notification of Right to Sue from the Equal Employment Opportunity Commission. (Compl. ¶ 2(b), Docket 1 at 1.)

In October of 1994, Thomas applied for Social Security disability benefits in which he represented he was totally disabled and unable to work. (Potanovic Aff. ¶ 3, Docket 17 at 1). The Social Security Administration awarded Thomas disability benefits and stated that the Plaintiff became disabled on March 31, 1993. (Potanovic Aff. Ex. 1, Docket 17). The Social Security Administration paid Thomas benefits back to October of 1993, one year before Thomas filed for the benefits. *Id.*

### STANDARD OF REVIEW

This circuit clearly holds summary judgment is only entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the non-moving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party and in favor of the non-moving party. *See Hayden v. First Nat'l Bank of Mt. Pleasant,*

595 F.2d 994 (5th Cir.1979). Factual disputes preclude summary judgment.

The Eleventh Circuit Court of Appeals has held that the moving party bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions which that party believes show an absence of any genuine issue of material fact. *See Hairston v. Gainesville Sun Publishing,* 9 F.3d 913, 918 (11th Cir. 1993). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 606 (11th Cir.1991).

Summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.C.V.P. 56(c). Ruling on a motion for summary judgment, a court "must evaluate the evidence in light of the proper standard of proof. In a discrimination case, the plaintiff bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence." *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987). "Summary judgments for defendants are not rare in employment discrimination cases." *Earley v. Champion International Corp.,* 907 F.2d 1077, 1081 (11th Cir.1990).

### DISCUSSION

A Plaintiff must prove a *prima facie* case of discrimination under the ADA which consists of showing: (1) he suffers a disability within the meaning of the ADA, (2) he is qualified with or without reasonable accommodations to perform the essential functions of the job, and (3) he suffered an adverse employment action due to his disability. *See White v. York Int'l Corp.,* 45 F.3d 357 (10th Cir.1995). The Defendant in the motion for summary judgment challenges the Plaintiff's ability to establish any of the elements of a *prima facie* case of discrimination. This Court will address the question as to whether the Plaintiff is a qualified individual with a disability under the ADA.

The ADA defines a qualified individual with a disability as an individual with a disability that with or without reasonable accommodations could perform the essential functions of the employment position which the individual currently holds or desires. 42 U.S.C. § 12111(8). The Defendant contends that the Plaintiff should be equitably estopped from claiming he is a qualified individual with a disability, because the Plaintiff filed for Social Security disability benefits. Equitable estoppel bars an individual from taking inconsistent positions in order to reap the benefit of the position and avoid the corresponding obligation associated with that position. *See DeShong v. Seaboard C.L.R.R.,* 737 F.2d 1520, 1522 (11th Cir.1984).

In the current case, the Plaintiff filed for Social Security disability benefits under the factual scenario that he was totally disabled and could no longer work. The Defendant contends the filing and actual receipt of the disability benefits estop the Plaintiff from claiming he is a qualified individual with a disability under the ADA, because the Plaintiff stated he was totally disabled and unable to work. Therefore, under the ADA the Plaintiff could not be a qualified individual with a disability because he could not perform the essential functions of his job.

A majority of courts have held that if an individual files for and receives Social Security disability benefits based upon the presumption that he was completely disabled and unable to work, that this action estops the individual from raising a claim under the ADA. *See McNemar v. The Disney Store, Inc.,* 91 F.3d 610 (3d Cir.1996) (holding that an individual who represents he is totally disabled to gain disability benefits is estopped from claiming he is able to work at the position involved); *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481–82 (9th Cir.1996) (stating that a court need not even consider the plaintiff's contention that defendant could have accommodated her disability, if the plaintiff filed and received disability benefits for being totally disabled); *see also August v. Offices · Unlimited, Inc.,* 981 F.2d 576 (1st Cir.1992); *Terry v. Norfolk Southern Ry. Co.,* 948 F.Supp. 1058 (N.D.Ga.1996); *Gar-*

*cia–Paz v. Swift Textiles, Inc.*, 873 F.Supp. 547 (D.Kan.1995).

The Court finds, that under the circumstances of this case, the Plaintiff is equitably estopped from asserting he is a qualified individual with a disability under the ADA. The Plaintiff within his deposition stated he had filed for Social Security disability benefits because he was totally disabled and unable to work. The Social Security Administration approved the Plaintiff for disability payments, and the Plaintiff received the benefits of the payments. The Plaintiff's Memorandum of Law in Opposition of Motion for Summary Judgment does not refute the Defendant's contentions. Therefore, this Court concludes that the Plaintiff did not make a *prima facie* case of discrimination under the ADA. This court will not rule on the merits of the Defendant's other arguments contained in the Motion for Summary Judgment. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment in Favor of Defendant, Fort Myers Housing Authority, (Docket Nos. 8–17 and 19) be **GRANTED** and the Clerk of Court be **directed** to enter judgment for the Defendant.